# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

DENNIS GLENDENNING
6069 Crossview Road
Seven Hills, Ohio 44131

       Plaintiff,

v.

CLEVELAND ANIMAL PROTECTIVE
LEAGUE ("CLEVELAND APL")
c/o Statutory Agent
Sharon A. Harvey
President and CEO
Cleveland APL
1729 Willey Avenue
Cleveland, Ohio 44113

and

JEFFREY HOLLAND
1343 Sharon-Copley Road
Sharon Center, Ohio 44274

and

PATRICK DICHIRO, in his official and
individual capacity.
Prosecutor
City of Seven Hills, Ohio
7325 Summitview Drive
Seven Hills, Ohio 44131

and

CITYY OF SEVEN HILLS, OHIO
7325 Summitview Drive
Seven Hills, Ohio 44131

and

DEANNA O'DONNELL, sued in her
individual capacity.
Judge

Case No.

JUDGE:

**VERIFIED COMPLAINT
CIVIL RIGHTS ACTION
(42 U.S.C. § 1983)
DECLARATORY RELIEF,
PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER,
AND DAMAGES**

**[JURY DEMAND ENDORSED HEREON]**

**(Oral Argument Requested)**

Parma Municipal Court
5555 Powers Boulevard
Parma, Ohio 44129-7400

                       Defendants.

COMES NOW, Dennis Glendenning, and files his Verified Complaint against Defendants Cleveland Animal Protective League, Jeffrey Holland, Patrick Dechiro (individually and in his official capacity); Deanna O'Donnell (individually).  An Affidavit from Plaintiff is attached hereto and incorporated herein.

## INTRODUCTION

1.      The Parma Municipal Court entered judgment on October 11, 2018, finding probable cause to believe that the animal(s) were the subject of a violation of ORC 959.131," and if the $58,950.00 bond is not paid by the October 19, 2018, Cleveland APL has the authority to dispose of his cats.[1]

2.      This is an action seeking declaratory and injunctive relief and damages arising under U.S.C. Section 1983 related to the seizure of Plaintiff's cats, in violation of Plaintiff's rights to due process and to be free of unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

3.      This action also seeks damages arising under U.S.C. Section 1983 related to the illegal search and seizure of Plaintiff's person and property.

4.      Pursuant to Federal Rules of Procedure, R. 65, Plaintiff asks this court to enter a temporary restraining order barring Defendants from disposing of his cats.

---

[1] Exhibit A.  Please note that the exhibit identification of KK on the Judgment Entry was on the document when Glendenning received it.

5.      Plaintiff Glendenning asks this Court to enter preliminary and permanent injunctions against Defendants, as well as their officers, agent, employees, attorneys, and all other persons acting in concert or participation with them, 1) requiring Defendants to return all of the cats seized to him; and 2) bar enforcement of R.C. 959.132.

6.      Plaintiff also seeks a declaration that Defendants have no independent right to seize under R.C. 959.132, and that the right to seize is a function of, and arises out of, criminal enforcement.

7.      Plaintiff also seeks damages not only for the constitutional violations, but also for the damage to his personal property.

8.      Plaintiff also seeks attorney fees and costs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction as Plaintiff's claims are based upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States.

10.      This Court has jurisdiction pursuant to § 1331 of the Judicial Code (28 U.S.C.A § 1331) as this is a civil action arising under the Constitution of the United States.

11.      This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) as this action seeks to remedy deprivations, under color of law, of Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and applicable federal laws.

12.      Plaintiff's claims for attorney's fees and costs are predicated upon 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing parties pursuant to 42 U.S.C § 1983.

13.     Venue is conferred by 28 U.S.C § 1391(b) and as Defendants are located in Cuyahoga

County, Ohio, and the events giving rise to this claim occurred in Cuyahoga County, Ohio.

## JURY DEMAND

14.     Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury in this action.

## PARTIES

15.     Plaintiff Dennis Glendenning runs a cat rescue named Lucky's Angels, in Seven Hills,

Ohio, Cuyahoga County.

16.     Defendant Cleveland Animal Protective League ("APL"), is located in Cleveland, Ohio,

Cuyahoga County.  According to its 2017 Financial Statements with Independent Auditor's

Report,[2] is a "private 501(c)3), nonprofit humane society operating in Cleveland, Ohio, with total

assets of more than 21 million dollars, and a total of more than 6 million (in non property and

equipment assets and trust funds), which include (cash and cash equivalent assets, accounts

receivable, estates receivable, grants receivable and prepaid expenses).[3]  Its 2017 current

liabilities are $264,298.00.[4]  Its total unrestricted net assets are almost 14 million dollars.[5]

17.     Defendant Jeffrey Holland is a private attorney in Ohio, hired by the Cleveland APL.

18.     Defendant Patrick Dichiro is a prosecutor for Defendant City of Seven Hills, Ohio.  The

notice which Glendenning received in his mail box the afternoon of the October 11, 2018

hearing, informing him of a hearing, stated that the Prosecutor in Case Number 18MI8013,

1.     Deanna O'Donnell is a Judge in the Parma Municipal Court, and she is being sued only

---

[2] Available at https://clevelandapl.org/wp-content/uploads/2018/06/2017-Financial-Statements.pdf
[3] Id. at page 3.
[4] Id. at 4.
[5] Id.

in her individual capacity, and only for injunctive and declaratory relief, under the exception of the Eleventh Amendment, as set forth in *Ex Parte Young*, 209 U.S. 123 (1908).   Neither the Court, nor Judge O'Donnell in her official capacity are subject to suit herein due to the immunity protections of the Eleventh Amendment.  However, Judge O'Donnell, as the final decisionmaker, to the extent she has and continues to violate plaintiffs' constitutional rights by the actions she has taken, does so in her individual capacity and is liable for both declaratory judgment and injunctive relief therefore, under the standard and exception enunciated by the U.S. Supreme Court in *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908), and is sued herein solely in that capacity.

19.     Defendant City of Seven Hills, Ohio, is, and all times relevant herein has been, a governmental entity responsible for the constitutional violations alleged herein, through the adoption, implementation and maintenance of its official and unofficial customs, policies, practices and procedures.

## STATUTORY LANGUAGE AT ISSUE

20.     Ohio Revised Code Section 29331.18 authorizes an Ohio humane society to, "employ one or more assistant attorneys to prosecute violations of law relating to: (1) * * * prevention of cruelty to animals * * * ."

21.     R.C. 959.132(B) authorizes an officer to, "seize and cause to be impounded at an impounding agency a companion animal that the officer has probable cause to believe is the subject of an offense."

22.    R.C. 959.132 defines "officer" as "any law enforcement officer, agent of a county humane society, or other person appointed to act as an animal control officer for a municipal corporation or township in accordance with state law, an ordinance, or a resolution."

23.    R.C. 959.132 defines "offense" as "a violation of section 959.131 of the Revised Code or an attempt, in violation of section 2923.02[6] of the Revised Code, to violate section 959.131 of the Revised Code.

24.    R.C. 959.131 is titled "Prohibitions concerning companion animals."

25.    R.C. 959.132(C) sets forth the procedure that is mandated upon seizure of companion animals,

> (C) The officer shall give written notice of the seizure and impoundment to the owner, keeper, or harborer of the companion animal that was seized and impounded. If the officer is unable to give the notice to the owner, keeper, or harborer of the companion animal, the officer shall post the notice on the door of the residence or in another conspicuous place on the premises at which the companion animal was seized. The notice shall include a statement that a hearing will be held not later than ten days after the notice is provided or at the next available court date to determine whether the officer had probable cause to seize the companion animal and, if applicable, to determine the amount of a bond or cash deposit that is needed to provide for the companion animal's care and keeping for not less than thirty days beginning on the date on which the companion animal was impounded.

26.    Ohio case law provides further guidance on the requirements set forth in R.C 959.132.

27.    "959.132 sets forth the statutory procedure for the seizure and impoundment of companion animals while a defendant's **criminal case is pending**."[7]

28.    "An officer may seize a companion animal when he has probable cause to believe the animal has been subjected to cruelty or neglect. R.C. 959.132(B)."[8]

---

[6] This R,C. section is titled "Attempt to commit an offense."  See R.C. 2923.02.
[7] *State of Ohio v. Beck*, 11th Dist. Portage No. 2014-P-0050, 2015-Ohio-1069, ¶29. (emphasis added).

29.     "The officer then gives the owner or keeper of the animal, or posts on the premises,
written notice of the seizure of the animal, advising that there will be a probable cause/bond
hearing within ten days. R.C. 959.132(C)."[9]

30.     The court then holds a hearing, at which the court will determine if there was probable
cause to seize the animal. If probable cause exists, the criminal case shall continue and the court
will determine the amount of bond necessary for the animal's care pending resolution of the case.
R.C. 959.132(E)(1). If probable cause does not exist, the court shall order the impounding
agency to return the animal to its owner. R.C. 959.132(E)(2)(3)."[10]

31.     "If no bond is posted, the impounding agency may determine the disposition of the
companion animal while the case is pending, unless the court issues an order that specifies
otherwise. R.C. 595.132(E)(3)."[11]

32.     "If the person charged with animal cruelty is acquitted, the court shall immediately order
the agency to return the animal to its owner. R.C. 959.132(G)."[12]

33.     "If, after a finding of no probable cause or an acquittal, the animal cannot be returned, the
court shall order the agency to pay to the owner the fair market value of the animal.
R.C.959.132(E)(2); R.C. 959.132(G)."[13]

34.     The failure of a court to "make any determination of the reasonableness of the [bond]
amount for these small dogs" and its failure to "consider the ability of [the Plaintiff] to pay the
$11,250 [care bond]," in conjunction with the fact that criminal charges pertaining to the dogs
were dismissed, prior to the order giving discretion to the humane society to dispose of, or adopt-

---

[8] *Id.* at 30.
[9] *Id.* at 31..
[10] *Id.* at 32.
[11] *Id.* at 33.
[12] *Id.* at 34.
[13] *Id.* at 35.

out the dogs based upon the failure to pay the care bond,[14] failed to give the Plaintiff "an adequate opportunity to protect her property interest in these dogs from loss."[15]  This, according to the Federal Court in Colorado, violated that Plaintiff's Due Process rights.[16]

35.    The Colorado Federal Court found "That application of the relevant Greeley Municipal Code provisions was a violation of the procedural Due Process Clause of the Fourteenth Amendment. It is so egregious an injustice as to shock the conscience of this Court and is thus also a violation of the Substantive Due Process Clause of the Fourteenth Amendment."

36.    In Glendenning's case, there are no pending criminal cases for violations of R.C. 959.131.

## FACTS[17]

37.    Plaintiff hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

38.    Plaintiff Dennis Glendenning lives in a 6000 square foot house, with three stories, and a basement.

39.    Glendenning specializes in rescuing and socializing, and adopting out, feral cats, which he has domesticated and rendered sociable to humans.

40.    On October 2, 2018 Defendant Cleveland APL entered Glendenning's property with a search warrant and seized 135 living cats, and 22 deceased cats.

---

[14] "Ms. Robbins lost her dogs because she could not pay the City of Greeley $11, 250 by 12:30 p.m. on August 17, 2012, even though their seizure on August 14, 2012 was made by an illegal traffic stop and Ms. Robbins was never found guilty of any unlawful treatment of those dogs."
[15] *Robbins v. City of Greeley*, Unreported Case No. 15-cv-00683, (D. Colorado Feb. 5, 2016)
[16] *Id.*
[17] Dennis Glendenning's Affidavit is attached as Exhibit D to this Complaint.

41.     Some of the cats seized were in an area of the house, which was isolated, due to the cats being quarantined by him for ringworm.

42.     The source of the ringworm came from the Cleveland APL.

43.     In June of 2018, Glendenning voluntarily gave ten cats to the Cleveland APL.  Sometime thereafter, Cleveland APL returned seven cats claiming they all had ringworm.  He took the cats to the vet, who only identified one cat as having ringworm.  The cats did not have ringworm when they were given to the Cleveland APL.

44.     A majority of the deceased cats, which were seized, had been placed by Glendenning in the garage, in order to bury them on his property.  Since he runs a feral cat rescue, he rescues many sick cats who often he is unable to save from dying due to their condition.  Additionally, many of his cats die of old age.

45.     There were 6 non-living kittens in one of his freezers in his house.  These kittens were awaiting a woman to pick them up to cremate them.

46.     Cats who had been with Glendenning for 15 and 17 years were seized.  One of those cats, Princess Kong, died in the possession of Cleveland APL.

47.     Princess Kong had cancer, and Glendenning planned to the end of her life experienced peacefully and in his home.

48.     Cleveland APL gave Princess Kong dead body on October 16, 2018 to Glendenning.

49.     Cleveland APL mutilated her body prior to giving her dead body back to Glendenning.

50.     On Friday, October 5, 2018, Glendenning received a telephone call from an Officer Bryant of the Cleveland APL.  She informed him that a hearing was set for Monday, October 8, 2018 in the Parma Municipal Court.

51.     Glendenning informed her that that date was a holiday.  She told me that the hearing would then be rescheduled.

52.     Officer Bryant did not tell Glendenning what the hearing was for.

53.     On Wednesday, October 10, 2018 a person from the Cleveland APL, who did not identify himself, telephone Glendenning and told him that there would be a hearing on October 11, 2018 at 1:30 p.m.

54.     This person did not tell Glendenning what type of hearing this was, nor any other information about it.

55.     Glendenning went to the Parma Municipal Court on October 11, 2018 for the hearing.

56.     During the hearing, Glendenning asked the Court to appoint him an attorney, because he could not afford one.

57.     This request was denied by Judge Deanna O'Donnell.

58.     He then asked if the Court could give him a week continuance of the hearing so that he could obtain an attorney, and this request was also denied by Judge Deanna O'Donnell.

59.     Judge Deanna O'Donnell told Glendenning that he did not need an attorney for the hearing.

60.     The Court held the hearing anyway, and found "that said officer had probable cause to believe that the animal(s) were the subject of a violation of ORC 959.131."

61.     Pursuant to the October 11, 2018 Entry, if the $58,950.00 bond is not paid by the October 19, 2018, Cleveland APL has the authority to dispose of his cats.

62.     After the hearing, while Glendenning was still at the Court House, a Cleveland APL Officer Joseph Dell'Anno told Glendenning that he could get some of his cats back if he signed

an ownership transfer form.  This Officer gave the form to Dennis already completed, except for the signature.

63.     Glendenning did not sign the form, as he wanted to think about it for a while.

64.     The same day, October 11, 2018, Glendenning went to the Cleveland APL to sign the form that was shown to him at the Court Hearing, and signed the Transfer of Animal Ownership Form, which he understood was to give him back 9 specific cats.

65.     Cleveland APL Joseph Dell'Anno told him that he could not have the nine cats back until he paid the bond payment as ordered by the Court.

66.     The Transfer of Animal Ownership form Glendenning looked at, when he was at the Court House, did not have the language that the cats were being "held for Mr. Glendenning pending bond payment.

67.     Glendenning was not given a copy of that unsigned completed form.

68.     However, the form he signed at the Cleveland APL had added handwritten language added to the form,[18] stating "held for Mr. Glendenning pending bond payment."

69.     That language was not on the form when Glendenning saw it at the Court House.

70.     On October 11, 2018 sometime after the Hearing, Glendenning picked up his mail from his mailbox, and in the mail was a notice from the Parma Municipal Court.

71.     The notice stated,

> The HEARING on the above case has been set for the following date:
>
> October 11, 2018 at 01:30 PM before JUDGE DEANNA O'DONNELL in court room #1.
>
> Mailed this 10/08/2018.

---

[18] Exhibit B.

72.     No information was given as to what type of hearing was to be held.

73.     The notice contained the case number of the "case," as 18MIS013.

74.     The Notice stated that Defendant J. Jeffrey Holland was "Counsel", and that Defendant Patrick Dichiro was "Prosecutor."

75.     Defendant Dichiro, however, was not in attendance at the hearing.

76.     During the seizure, Glendenning's personal property was damaged.

77.     When the Cleveland APL seized the cats on October 2, 2018, they broke a desk, broke my computer, tore down fluorescent light fixtures on the ceiling, tore down framing for a suspended ceiling, spilled some type of liquid (which they brought in to the building, onto the floor – that area was still wet as of two days ago, emptied storage rooms consisting of cat supplies, damaged the items in the room, like water filters, bedding, etc.  Additionally, the Cleveland APL left doors open, and now there are a large amount of baby flies in the house. Hundreds of these flies entered the home.

## CLAIMS FOR RELIEF

### COUNT I
### Injunctive Relief

78.     Plaintiff hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

79.     Defendants have violated Plaintiff's Fourth and Fourteenth Amendment rights, because Defendants unreasonably seized his property, his cats, and failed to provide due process for the seizure.

80.     The unreasonable seizure under the Fourth Amendment stems from the failure to provide an opportunity to be heard on the seizure of the cats, pursuant to R.C. 959.132.

81.     If not enjoined by this Court, Defendants and their agents, representatives, and employees will continue to unreasonably seize cats as a result of policies and practice, that deny Plaintiff his constitutional rights without due process, in violation of his right to be secure in his person and property.

82.     Pursuant to Federal Rules of Procedure, R. 65, Plaintiff asks this court to enter a temporary restraining order barring Defendants from disposing of his cats.

83.     Plaintiff Glendenning asks this Court to enter preliminary and permanent injunctions against Defendants, as well as their officers, agent, employees, attorneys, and all other persons acting in concert or participation with them, 1) requiring Defendants to return all of the cats seized to him; and 2) bar enforcement of R.C. 959.132.

84.     Defendants' course of conduct has caused, and will continue to cause, Plaintiff to suffer real and immediate threat of irreparable injury, as a result of the existence, operation, enforcement, and prosecution of its policies and practices.

85.     Immediate irreparable injury includes, but is not limited to, loss of property, companionship, support, freedom, financial loss, and emotional injury.

86.     Defendants are acting and threatening to act under color of state law to deprive Plaintiff of his constitutional rights.

87.     Plaintiff has no plain, speedy, and adequate remedy at law for such an injury.

88.     The acts of Defendants violate the Due Process clause of the Fourteenth Amendment, the right to be secure in persons and property under the Fourth amendment, and 42 U.S.C. § 1983, as well as the Constitution of the State of Ohio.

89.     Accordingly, injunctive relief pursuant to 42 U.S.C. § 1983 and other authority is appropriate.

90.     Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

91.     Plaintiff is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

## COUNT II
### Declaratory Relief

92.     Plaintiff hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

93.     An actual and immediate controversy exists between Plaintiff and Defendants as to their respective legal rights and duties.

94.     Plaintiff seeks a declaration that Defendants have no independent right to seize under R.C. 959.132, and that the right to seize is a function of, and arises out of, criminal enforcement.

95.     Plaintiff is entitled to a declaration of rights with respect to this controversy.

96.     Without such a declaration, Plaintiff will be uncertain of his rights and responsibilities under the law.

97.     Accordingly, declaratory relief pursuant to 28 U.S.C. § 2201 is appropriate.

98.     Plaintiff is requesting this Court declare that Plaintiff Glendenning is the owner of cats, and that the Defendants violated his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

99.     Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

100.     Plaintiff is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

## COUNT III
### 42 U.S.C. § 1983
### Fourth Amendment Violations
### Unreasonable Seizure of Property
### (Notice and Opportunity to be Heard)

101.    Plaintiff hereby incorporates by reference all allegations contained in all numbered

paragraphs of this Complaint as if set forth fully here.

102.    Defendants, acting under the color of state law, and individually, and in their official

capacities, have, and will continue to seize in violation Plaintiff Glendenning's Fourth

Amendment right to be free from unreasonable seizures of his property.

103.    Defendants, acting under color of state law, are depriving Plaintiff of his rights under the

Fourth Amendment to the United States Constitution in violation of 42 U.S.C. 1983.

104.    Defendants knew, or should have known, that their above-described conduct violated

Plaintiff's property rights which are secured by the Fourth Amendment of the U.S. Constitution,

in violation of 42 U.S.C. § 1983.

105.    Defendants' unlawful actions were done with the specific intent to deprive Plaintiff of his

constitutional rights to be secure in his persons and property.

106.    Plaintiff is informed and believes that the acts of the Defendants, their employees, and

agents were intentional in failing to protect and preserve Plaintiff's person and property and that,

at minimum, Defendants were deliberately indifferent to the likely consequence of their actions.

107.    Defendants' seizure of Glendenning's cats is an unreasonable seizure, because the

mandated R.C. 959.132 Hearing was not held in conformance with the due process requirements

of notice and opportunity to be heard.

108.    He had no notice of the hearing, in that he received no written notice in advance of the

hearing.

109.    He had no notice that the hearing was a probable cause hearing.

110.    He was not permitted to obtain counsel to represent him.

111.    He was not permitted to present evidence of his ability to pay.

112.    He was not given an opportunity to present witnesses.

113.    He was not given any information on whether he could conduct discovery, learn the

evidence against him in any other way, what procedural rules apply (civil or criminal), what

standard of proof is required, and who carries the burden of proof.

114.    Pursuant to the October 11, 2018 Judgment Entry,[19] if the $58,950.00 bond is not paid by

the October 19, 2018, Cleveland APL has the authority to dispose of his cats.

115.    The failure to provide due process under the Constitution, creates an unreasonable

seizure.

116.    Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to

his constitutional rights unless Defendants are enjoined from continuing their unlawful policies,

practices, customs, procedures, standards and/or methods, which have directly and proximately

caused such constitutional abuses.

117.    All Defendants have acted under pretense and color of state law and in their official

capacities and within the scope of their employment.  Said acts by said Defendants were beyond

the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said

defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his

constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment to the United

States Constitution.  Defendants have conspired among themselves to do so (taking numerous

---

[19] Ex. A.

overt steps in furtherance thereof), and failed to prevent one another from doing so. Defendants'

actions were deliberate, reckless and indifferent to Plaintiff's constitutional rights.

118.    Plaintiff has been damaged and harmed as a result of Defendants violating his Fourth

Amendment right to be free from unreasonable seizures under the United States Constitution.

119.    Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate

result of the above-described conduct of Defendants, as will more fully appear at trial.

120.    Plaintiff is entitled to his costs, including his reasonable attorneys' fees, pursuant 42

U.S.C. 1988.


### COUNT IV
### 42 U.S.C. § 1983
### Fourth Amendment Violations
### Unreasonable Seizure of Property (R.C. 959.132)

121.    Plaintiff hereby incorporates by reference all allegations contained in all numbered

paragraphs of this Complaint as if set forth fully here.

122.    Defendants, acting under color of state law, are depriving Plaintiffs of their rights secured

by the Due Process Clause of the Fourth Amendment to the United States Constitution in

violation of 42 U.S.C. 1983.

123.    R.C. 959.132 gives no authority to Defendants to seize his cats, without commencing a

criminal action, either concurrently with the seizure, or soon thereafter.

124.    The authority of Defendants to seize Glendenning's property arises out of Defendants

rights to enforce a criminal statute, R.C. 959.131.

125.    R.C. 959.132(B) authorizes an officer to, "seize and cause to be impounded at an

impounding agency a companion animal that the officer has probable cause to believe is the

subject of an offense."

126.   R.C. 959.132 defines "offense" as "a violation of section 959.131 of the Revised Code or an attempt, in violation of section 2923.02[20] of the Revised Code, to violate section 959.131 of the Revised Code.

127.   R.C. 959.131 is titled "Prohibitions concerning companion animals."

128.   "959.132 sets forth the statutory procedure for the seizure and impound of companion animals while a defendant's **criminal case is pending**."[21]

129.   Furthermore, the Search Warrant[22] states, that Glendenning's property contains "evidence of a criminal offense" and is a "crime scene in violation of Cruelty Against Companion Animals, ORC 959.131, City of Seven Hills Code Chapter 505, Cruelty to Animals, ORC 959.13 * * * ."

130.   To date no criminal case is pending, and it has been 18 days since Glendenning's cats were seized.

131.   Plaintiff has been damaged and harmed as a result of Defendants violating his Fourth Amendment right to be free from unreasonable seizures under the United States Constitution.

132.   Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

133.   Plaintiff is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.


**COUNT V**
**42 U.S.C. § 1983**
**Fourteenth Amendment Violations**
**Facially Overbroad**

---

[20] This R.C. section is titled "Attempt to commit an offense."  See R.C. 2923.02.
[21] *State of Ohio v. Beck*, 11th Dist. Portage No. 2014-P-0050, 2015-Ohio-1069, ¶29. (emphasis added).
[22] Exhibit C.

18

134.    Plaintiff hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

135.    Defendants, acting under color of state law, are depriving Plaintiffs of their rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. 1983.

136.    On its face, R.C. 959.132 is unconstitutionally vague in violation of the Fourteenth Amendment to the United State Constitution.

137.    The statute fails to inform as to how much notice a person is given prior to a hearing.

138.    The statute provides no information as to who carries the burden of proof at the hearing.

139.    The statute fails to give notice of what the burden of proof is.

140.    The statute fails to give notice of what the standard of proof is.

141.    The statute fails to give any information whatsoever as to how much advance notice a person must get before a probable cause hearing.

142.    The statute on its face, fails to inform and give notice as to, 1) what the standard of proof is; 2) who carries the burden of proof; 3) how much advanced notice a person must receive; 4) how to obtain discovery in advance of hearing; 5) whether criminal or civil procedural rules apply.

143.    An actual controversy exists between the parties, and Plaintiff is suffering an ongoing and irreparable harm by Defendants' acts, and the harm will continue unless R.C. 959.132 is declared unlawful and enjoined by this Court.

144.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately

caused such constitutional abuses.  Plaintiffs are entitled to their costs, including their reasonable

attorneys' fees, pursuant 42 U.S.C. 1988.


**COUNT VI**
**42 U.S.C. § 1983**
**Violation of Due Process Clause**
**Void for Vagueness – Arbitrary Enforcement[23] or "Law by Cop."[24]**
**Unconstitutional as Applied**

60.    Plaintiff incorporates and realleges each and every allegation contained in the preceding

paragraphs of this Complaint.

61.    Defendants, acting under color of state law, are depriving Plaintiffs of their rights secured

by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in

violation of 42 U.S.C. 1983.

62.    The power to define what is prohibited under Ordinance 505.14 is left to those who

enforce it.

63.    The wholesale delegation of this discretion is impermissible under the Constitution.

---

[23] "The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983); see also *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015) ("A law is vague when "it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement."); see also *Cleveland v. Anderson,* 13 Ohio App.2d 83, 90, 234 N.E.2d 304, 309-310 ([I]f if an ordinance which is designed to regulate conduct does not lay down ascertainable rules and guidelines to govern its enforcement. This ordinance represents an unconstitutional exercise of the police power * * * and is therefore void.").

[24] "Law by Cop" is a phrase coined by Peter W. Low & Joel S. *Johnson, Changing the Vocabulary of the Vagueness Doctrine*, 101 Va.L.Rev. 2051, 2053 (2015).  "Law by cop" is a term used to describe "police invention and enforcement of new crimes on the street."  *Id.*  at 2074.  "This is "a violation of due process under a version of the *Bouie* principle."  *Id.* at 2074-75, citing *Bouie v. City of Columbia,*378 U.S. 347, 350 (1964).

64.     Ordinance 505.14 provides "for government by the moment-to moment opinions" of a police officer or license technician."[25]

65.     In order to prevent arbitrary and discriminatory enforcement, the Ordinance must provide explicit standards for those who apply them.[26]

66.     The Ordinance lacks explicit standards for those charged with its enforcement.

67.     The enforcement is left to the complete discretion of police officers or license technicians to determine what constitutes a violation of the Ordinance.

68.     Ultimate discretion and authority for enforcing Ordinance 505.14 is vested in Canton employees, namely police officers and  License technicians.

69.     The Ordinance prescribes no standards, procedures, guidelines or rules to guide police officers or license technicians in the enforcement of the Ordinance and to limit the discretion they exercise.

70.     Canton has not set forth any rules, promulgated regulations, or published any guidelines or directives or other materials to delineate what is a proper or improper exercise of such discretion.

71.     Ordinance 505.14, and the procedures, practices, mechanisms and guidelines Defendants have adopted to enforce the dog/cat limit law, grant Defendants unlimited and unguided discretion to decide when to send the notice of the hearing, the amount of information to divulge to the person prior to and during the hearing as to who carries the burden of proof, how to obtain discovery, whether criminal or civil rules apply, what the standard of proof is, whether to permit,

---

[25] See *Cox v. Louisiana*, 379 U.S. 536, 579 (1965) (separate opinion of Mr. Justice Black).
[26] *City of Akron v. Rowland,* 67 Ohio St.3d 374, 381, 1993 Ohio 222, 618 N.E.2d 138 (1993); *see also, Kelleys Island v. Joyce,* 146 Ohio App.3d 92, 98, 765 N.E.2d 387, 391 (6th Dist.2001).

or not permit the person to have counsel, and whether to notify them, in advance that they have a right or don't have a right to counsel, etc.

72.     The Defendants, acting under color of state law, grant the Defendants, unbridled discretion/

73.     By exercising unlimited, unguided discretion over application and enforcement of said Ordinance, Defendants, acting under color of state law, violate Plaintiffs' right to due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

74.     Defendants procedures, policies, practices, methods, and standards, leave the government actors free to decide, without any legally fixed standards, what notice a person is given vis-à-vis the probable cause hearing.  This is "arbitrary enforcement."[27]

75.     The Ordinance makes criminal, activities which are normally innocent, and "may be a trap for innocent acts."[28]

76.      "[I]t is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined."[29]

77.     The Defendants' wholesale delegation of discretion to the humane societies, city employees and officials, judges, and animal control officers, invites abuse and creates indefiniteness.

78.     The Ordinance enables the Defendants to decide for how much notice a person should receive in advance of the probable cause hearing, what type of notice they will receive, how to give the notice to the person.  It also enables Defendants to avoid providing any information as to

---

[27] *Id.*
[28] See *Papachristou v. City of Jacksonville*, 405 U.S. 156, 163 (1972).
[29] *Grayned v. City of Rockford,* 408 U.S. 104, 108 (1972).

what the standard of proof is, who carries the burden of proof, how to obtain discovery, whether criminal or civil rules apply, whether a person must attend the hearing, the repercussions of not attending the hearing, advanced notice that a monumental bond will be decided by the Court, whether a person has a right to bring witnesses, etc.

79.    The Defendants have written the law on the street.

80.    This discretion is unconstitutionally impermissible.

81.    Defendants are not authorized, under the Constitution, to makeup up the law, and apply it in whatever manner they sit fit.

82.    The manner in which Defendants apply the Ordinance "does not provide for government by clearly defined laws, but rather for government by the moment-to-moment opinions of a [the defendants]."[30]

83.    Defendants' policies, procedures, guidelines, standards and methods enable its employees and agents to seize animals in a manner which creates "law by cop."

84.    Plaintiff is entitled to their costs, including their reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

85.    Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

**COUNT VII**
**2 U.S.C. U.S.C. § 1983**
**Fourteenth Amendment[31]**

---

[30] *Cox v. Louisiana*, 379 U.S. 536, 579 (1965).
[31] Fourteenth Amendment provides, "No state shall ….deprive any person of life, liberty, or property, without due process of law."

**Deprivation Of Property**

145.     Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

146.     Defendants, acting under color of state law, are depriving Plaintiff of his property rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. 1983.

147.     Defendants, by their conduct, as described herein, and acting under color of state law, have deprived Plaintiff of his right to his own property, which he has a "legitimate claim of entitlement to."[32]

148.     The acts of the Defendants impermissibly violate Plaintiff's substantive and procedural due process rights by applying R.C. 959.132 contrary to its written terms.

149.     Defendants' unlawful actions were done with the specific intent to deprive Plaintiff of his constitutional rights to be secure in their persons and property.

150.     Plaintiff is informed and believes that the acts of the Defendant and their employees and agents were intentional in failing to protect and preserve Plaintiff's property and that, at minimum, Defendants were deliberately indifferent to the likely consequence that a persons' animals would be disposed of as a result of Defendants' actions.

151.     Plaintiff is informed and believes that the acts of the Defendant and their employees and agents were intentional in failing to protect and preserve Plaintiff's property and that, at minimum, Defendants were deliberately indifferent to the likely consequence that a person would lose ownership of their animal due to Defendants' failure to comport with the Constitutional protections.

---

[32] See *Board of Regents v. Roth*, 408 U.S. 564, 573-74, 577 (1972).

152.    The Ordinance, as applied, violates the due process rights of Plaintiff in violation of the Fourteenth Amendment to the United States Constitution and unconstitutionally deprived him of their freedom and property.

153.    There is no mechanism which exists for Plaintiff to prevent unconstitutional application and enforcement of said law.

154.    Defendants actions to enforce the Ordinance, arbitrarily deprives Plaintiff of his property because the application of the terms are unreasonable, arbitrary, and capricious, without a real or substantial relation to the object sought to be attained, and violate basic concepts of fairness.

155.    Plaintiff is entitled to their costs, including their reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

156.    Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

157.    Defendants' violated Glendenning's rights to due process because the mandated R.C. 959.132 Hearing was not held in conformance with the due process requirements of notice and opportunity to be heard.

158.    He had no notice of the hearing, in that he received no written notice in advance of the hearing.

159.    He had no notice that the hearing was a probable cause hearing.

160.    He was not permitted to obtain counsel to represent him.

161.    He was not permitted to present evidence of his ability to pay.

162.    He was not given an opportunity to present witnesses.

163.    Pursuant to the October 11, 2018 Judgment Entry, if the $58,950.00 bond is not paid by the October 19, 2018, Cleveland APL has the authority to dispose of his cats.

164.    Defendants, acting under the color of state law, and individually, and in their official capacities, have, and will continue to hold Glendenning's cats, in violation of his Fourteenth Amendment rights to due process.

165.    Defendants, acting under color of state law, are depriving Plaintiff of his rights under the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. 1983.

166.    Defendants, by their conduct, as described herein, and acting under color of state law, have deprived Plaintiff of his right to his own property, which he has a "legitimate claim of entitlement to."[33]

167.    All Defendants have acted under pretense and color of state law and in their official capacities and within the scope of their employment.  Said acts by said Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourteenth Amendment to the United States Constitution.  Defendants have conspired among themselves to do so (taking numerous overt steps in furtherance thereof), and failed to prevent one another from doing so. Defendants' actions were deliberate, reckless and indifferent to Plaintiff's constitutional rights.

168.    Defendants knew, or should have known, that the above-described conduct violated Plaintiff's due process rights which are secured by the Fourteenth Amendment of the U.S. Constitution, in violation of 42 U.S.C. § 1983.

---

[33] See *Board of Regents v. Roth*, 408 U.S. 564, 573-74, 577 (1972).

169.    Defendants, by their conduct, as described herein, and acting under color of state law, have deprived Plaintiff of his right to his liberty and property and unreasonably seized his property.

170.    Defendants' unlawful actions were done with the specific intent to deprive Plaintiff of his constitutional rights to be secure in his property.

171.    Defendants' actions or lack of action, has resulted in a meaningful interference and deprivation of Plaintiff's property, his cats, without any process and is violative of the procedural due process requirements of the Fourteenth Amendment to the U.S. Constitution.

172.    Plaintiff has been denied due process by the continued retention of his cats, without being afforded an opportunity to be heard at a meaningful time and in a meaningful manner at which to contest the validity of the seizure and impoundment and retention of his dog.

173.    Defendants have not provided Glendenning with timely notice and an opportunity for a hearing or any other review of the decision to seize and retain, such that Plaintiff's deprivation of his property, his cats, without process, has occurred and continues to occur, thus violating Plaintiff's rights under the Fourteenth Amendment.

174.    Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

175.    Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

176.    Plaintiff is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

**COUNT VIII**
**Violation of Article I, Section 16 of the Ohio Constitution**

177.     Plaintiff incorporates and realleges each and every allegation contained in the preceding

paragraphs of this Complaint.

178.     The acts of the Defendants, in seizing and impounding his dog Zeus, has deprived him

Plaintiff of his property in violation of the Fourteenth Amendment to the United States

Constitution and Article I, Section 16 of the Ohio Constitution.

179.     Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to

his constitutional rights unless Defendants are enjoined from continuing their unlawful policies,

practices, customs, procedures, standards and/or methods, which have directly and proximately

caused such constitutional abuses.

180.     Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate

result of the above-described conduct of Defendants, as will more fully appear at trial.

181.     Plaintiff is entitled to his costs, including his reasonable attorneys' fees, pursuant 42

U.S.C. 1988.

**COUNT IX**
**Monell Claim**

182.     Plaintiff incorporates and realleges each and every allegation contained in the preceding

paragraphs of this Complaint.

183.     At all relevant times herein, Defendant City of Seven Hills and Cleveland APL, acting

through the individual defendants, developed, implement, enforced, encouraged and sanctioned

de facto policies, practices, and/or customs exhibiting deliberate indifference to Plaintiff's

constitutional rights, which caused violation of such rights.

184.    Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive the Plaintiff of his constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and the Ohio Constitution.

185.    Defendant City of Seven Hills and Cleveland APL maintain a policy and/or custom of deliberate indifference to the rights of the citizens of the United States, and such policy and/or custom is part of a pattern of unconstitutional violations by Defendants.

186.    Defendant City of Seven Hills and Cleveland APL, their employees, agents, supervisors, and policymakers, knew, or should have known, that the Defendants would confront situations such as the events which form the basis of the actions herein stated.

187.    The failure of Defendant City of Seven Hills and Cleveland APL to provide their employees and agents, including the individual Defendants, with proper and adequate training failed to furnish these individuals with appropriate knowledge to make proper and informed decisions which resulted in the deprivation of Plaintiff's constitutional rights.

188.    Defendant City of Seven Hills and Cleveland APL pursued an official policy and/or custom of failing to provide adequate training, monitoring, and supervision of their animal control officers, employees, and agents, in the performance of their duties and the protection of the constitutional rights of the citizens.

189.    Defendant City of Seven Hills and Cleveland APL failed to provide adequate training, monitoring, and supervision of its employees and agents, in the performance of their duties and to ensure the constitutional protections of citizens who come in contact with them.

190.    Defendant City of Seven Hills' and Cleveland APL's failure to provide adequate training, monitoring, and supervision of its police officers and animal control officers resulted in a deprivation of clearly established constitutional protections for citizens.

191.     Defendant City of Seven Hills and Cleveland APL, knew, or should have known, that the animal control officers and agents, and employees, named herein were acting in such a way as to violate the constitutional rights of citizens they encounter while performing their duties, and were aware of such constitutional violations, or should have been aware of such constitutional violations, had other similar incidents been properly investigated.

192.     Defendant City of Seven Hills and Cleveland AP  maintain a municipal policy and/or custom of deliberate indifference to the rights of the citizens with whom animal control officers, and its employees and agents, come into contact with and this policy and/or custom is part of a pattern of constitutional violations by failing to properly investigate allegations of police and animal control officer's misconduct and not properly disciplining police officers and animal control officers who commit acts of misconduct.

193.     Defendant City of Seven Hills and Cleveland APL pursued an official policy and/or custom of a falling to investigate and discipline their animal control officers, employees and agents, in the performance of their duties and their actions violated the constitutional rights of the citizens.

194.     Defendant City of Seven Hills and Cleveland APL, failed to provide adequate training, monitoring, and/or supervision of the animal control officers, employees, and agents in the performance of their duties and ensure the constitutional protections of citizens.

195.     Defendant City of Seven Hills and Cleveland APL failed to provide adequate training, monitoring, and supervision of its employees and agents, including the individual Defendants, resulted in deprivation of clearly established constitutional protects for citizens who would come in contact with animal control officers, and its employees and agents.

196.    City of Seven Hills and Cleveland APL, their employees and agents, have a legal duty and had ample opportunity to intervene and prevent the illegal seizure, and return the cats to their owner.

197.    City of Seven Hills' and Cleveland APL's employees and agents, have a legal duty and had ample opportunity to intervene and prevent the unreasonable seizures.

198.    The failure of said Defendants to intervene was part of the pattern, practice, and custom on behalf of the City of Seven Hills and Cleveland APL to not intervene or report such incidents, but remain quiet to maintain silence and tacit acknowledgment and approval of such actions.

199.    The failure of City of Seven Hills and Cleveland APL and its employees and agents, to intervene or report such illegal, unlawful and improper activities subjects these Defendants to liability for the harm suffered by the Plaintiff due to the conduct of individual Defendants..

200.    The constitutional violations committed by Defendant City of Seven Hills and Cleveland APL through its actions of the individual Defendants set forth in the caption of this Complaint, were and are directly and proximately caused by policies, practices, and/or customs developed, implemented, enforced, encourages and sanctioned by Defendant City of Seven Hills and Cleveland APL, including the failure: (a) to adequately supervise and train its officers and agents, including the individual Defendants, thereby failing to adequately discourage further constitutional violations on the part of its agents and animal control officers; (b) to properly and adequately monitor and discipline its animal control officers and employees and agents, including Defendants, and (c) to adequately and properly investigate citizen complaints of animal control officers, and instead, acts of misconduct were tolerated by City of Seven Hills.

201.    Upon information and belief, Defendant City of Seven Hills and Cleveland APL, acting through its animal control officer and employees and agents, developed, implemented, enforced,

encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or prosecution without reasonable supplication or probable cause, individuals who have a property interest in their animals and a right to life, liberty and the pursuit of happiness.

202.    Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

203.    Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff.

204.    As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff's constitutional rights have been violated which has caused him to suffer physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

205.    Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined form continuing their unlawful policies, practices, and/or customs, which have directly and proximately caused such constitutional abuses.

206.    Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

207.    Plaintiff is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. § 1988.

## COUNT X
### Attorney Fees - 42 U.S.C. § 1988

208.    Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

209.    Pursuant to 42 U.S.C. § 1988, Plaintiff seeks attorney fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests for following relief:

A) Pursuant to Federal Rules of Procedure, R. 65, Plaintiff asks this court to enter a temporary restraining order barring Defendants from disposing of his cats.

B) Plaintiff Glendenning asks this Court to enter preliminary and permanent injunctions against Defendants, as well as their officers, agent, employees, attorneys, and all other persons acting in concert or participation with them, 1) requiring Defendants to return all of the cats seized to him; and 2) bar enforcement of R.C. 959.132.

C) Plaintiff also seeks a declaration that Defendants have no independent right to seize under R.C. 959.132, and that the right to seize is a function of, and arises out of, criminal enforcement.

D) Damages in an amount to be determined by a Jury at Trial.

E) Attorney's fees and costs pursuant to 42 U.S.C. § 1988.

F) Such other relief as may be equitable and just.

Respectfully submitted,

 /s/ Michela Huth
MICHELA HUTH
(OH Reg. No. 0091353)
PO Box 17
Bolivar, OH 44612
Phone:  330-440-4027
Email:  michelahuth.esq@gmail.com
*Attorney for Plaintiff*

/s/ Richard Rosenthal
RICHARD BRUCE ROSENTHAL
(NY Reg. No. 1637677)
120-82 Queens Blvd.

Kew Gardens, NY 11415
Phone: 718-261-0200
Fax: 718-793-2791
Email: richard@thedoglawyer.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues raised in this Complaint as set forth in this pleading.

 /s/ Michela Huth
MICHELA HUTH