| | |
|---|---|
| DENNIS GLENDENNING | CASE NO.. |
| Plaintiff, | |
| | JUDGE |
| v. | |
| CLEVELAND ANIMAL PROTECTIVE LEAGUE, ET AL. | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**

## I.  NATURE OF THE RELIEF SOUGHT

Plaintiff pursuant to Federal Rule of Civil Procedure 65 move the Court to enter a temporary restraining order barring Defendants from disposing of his cats.  Pursuant to the October 11, 2018 Judgment Entry,[1] if the $58,950.00 bond is not paid by the October 19, 2018, Cleveland APL has the authority to dispose of his cats.

Additionally, Plaintiff Glendenning asks this Court to enter preliminary and permanent injunctions against Defendants, as well as their officers, agent, employees, attorneys, and all other persons acting in concert or participation with them, 1) requiring Defendants to return all of the cats seized to him; and 2) bar enforcement of R.C. 959.132.

---

[1] Attached as Exhibit B.

## II.    PRELIMINARY STATEMENT

R.C. 959.132 is unconstitutional both facially and as applied, and Defendants have violated Plaintiff's 4th right to be free from unreasonable seizure and the 14th Amendment right to due process.

The law is clear, there is no statutory basis for Defendants to seize cats without commencing a criminal proceeding.  If the authority to seize, arises out of the R.C. 959.132, absent an enforcement, there can be not right to seize.  It has been 18 days since Glendenning's cats were seized.  No criminal proceeding has been brought against him for violations of R.C. 9959.131.  Defendants thus unlawfully seized his cats on October 2, 2018.

Pursuant to R.C. 959.132, Glendenning had a right to a hearing, within 10 days of seizure of his cats.  A hearing was held by the Parma Municipal Court on October 11, 2018. Glendenning had one day verbal notice of the hearing, was not given any information as to what the hearing was about, was not given any written notice of this hearing prior to the hearing, was not informed as to what the standard of proof was, or who has the burden, and whether he could obtain discovery or an attorney.  Defendants failed to provide notice and a meaningful opportunity to be heard.

## III.   STATUTE

Ohio Revised Code Section 29331.18 authorizes an Ohio humane society to, "employ one or more assistant attorneys to prosecute violations of law relating to: (1) * * * prevention of cruelty to animals * * * ."  R.C. 959.132(B) authorizes an officer to, "seize and cause to be impounded at an impounding agency a companion animal that the officer has probable cause to believe is the subject of an offense."  R.C. 959.132 defines "officer" as "any law enforcement officer, agent of a county humane society, or other person appointed to act as an animal control

officer for a municipal corporation or township in accordance with state law, an ordinance, or a resolution."  R.C. 959.132 defines "offense" as "a violation of section 959.131 of the Revised Code or an attempt, in violation of section 2923.02[2] of the Revised Code, to violate section 959.131 of the Revised Code.  R.C. 959.131 is titled "Prohibitions concerning companion animals."

R.C. 959.132(C) sets forth the procedure that is mandated upon seizure of companion animals,

> (C) The officer shall give written notice of the seizure and impoundment to the owner, keeper, or harborer of the companion animal that was seized and impounded. If the officer is unable to give the notice to the owner, keeper, or harborer of the companion animal, the officer shall post the notice on the door of the residence or in another conspicuous place on the premises at which the companion animal was seized. The notice shall include a statement that a hearing will be held not later than ten days after the notice is provided or at the next available court date to determine whether the officer had probable cause to seize the companion animal and, if applicable, to determine the amount of a bond or cash deposit that is needed to provide for the companion animal's care and keeping for not less than thirty days beginning on the date on which the companion animal was impounded.

Ohio case law provides further guidance on the requirements set forth in R.C 959.132.  "959.132 sets forth the statutory procedure for the seizure and impoundment of companion animals while a defendant's **criminal case is pending**."[3]  "

## IV.    FACTUAL BACKGROUND

On October 2, 2018 Defendant Cleveland APL entered Glendenning's property with a search warrant and seized 135 living cats, and 22 deceased cats.

---

[2] This R,C. section is titled "Attempt to commit an offense."  See R.C. 2923.02.

[3] *State of Ohio v. Beck*, 11th Dist. Portage No. 2014-P-0050, 2015-Ohio-1069, ¶29. (emphasis added).

On Friday, October 5, 2018, Glendenning received a telephone call from an Officer Bryant of the Cleveland APL.  She informed him that a hearing was set for Monday, October 8, 2018 in the Parma Municipal Court.  Glendenning informed her that that date was a holiday.  She told me that the hearing would then be rescheduled.  Officer Bryant did not tell Glendenning what the hearing was for or give any information whatsoever, other than to inform him that there was a hearing.  On Wednesday, October 10, 2018 a person from the Cleveland APL, who did not identify himself, telephone Glendenning and told him that there would be a hearing on October 11, 2018 at 1:30 p.m.  This person did not tell Glendenning what type of hearing this was, nor any other information about it.

Glendenning went to the Parma Municipal Court on October 11, 2018 for the hearing.  During the hearing, Glendenning asked the Court to appoint him an attorney, because he could not afford one.  This request was denied by Judge Deanna O'Donnell.  He then asked if the Court could give him a week continuance of the hearing so that he could obtain an attorney, and this request was also denied by Judge Deanna O'Donnell.  Judge Deanna O'Donnell told Glendenning that he did not need an attorney for the hearing.  The Court held the hearing anyway, and found "that said officer had probable cause to believe that the animal(s) were the subject of a violation of ORC 959.131."  Pursuant to the October 11, 2018 Entry, if the $58,950.00 bond is not paid by the October 19, 2018, Cleveland APL has the authority to dispose of his cats.

On October 11, 2018 sometime after the Hearing, Glendenning picked up his mail from his mailbox, and in the mail was a notice from the Parma Municipal Court.  The notice stated,

> The HEARING on the above case has been set for the following date:
> October 11, 2018 at 01:30 PM before JUDGE DEANNA O'DONNELL in court room #1.

Mailed this 10/08/2018.

No information was given as to what type of hearing was to be held. The notice contained the case number of the "case," as 18MIS013. The Notice stated that Defendant J. Jeffrey Holland was "Counsel", and that Defendant Patrick Dichiro was "Prosecutor." Defendant Dichiro, however, was not in attendance at the hearing.

## V.       STANDARD OF REVIEW – APPLICABLE LAWS

When a district court is asked to issue an injunction, it … balances four factors, "(1) the likelihood that the party seeking the [ ] injunction will succeed on the merits of the claim; (2) whether the party seeking the injunction will suffer irreparable harm without the grant of the extraordinary relief; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest is advanced by the issuance of the injunction."[4] A permanent injunction is appropriate where the moving party has demonstrated a likelihood of actual success on the merits, that irreparable harm will result if injunctive relief is not granted, and that no other adequate legal remedy is available.[5]

## VI.      PLAINTIFF'S LIKELIHOOD OF SUCCESS ON THE MERITS

Defendants have deprived Dennis Glendenning of his interest in property without providing Fourth and Fourteenth Amendments protections.

### A.  No Authority To Seize Absent a Criminal Enforcement

R.C. 959.132 gives no authority to the Defendants to seize cats or dogs absent a criminal enforcement. Currently there are no criminal charges for violation(s) of R.C. 959.131

---

[4] *Vittitow v. City of Upper Arlington*, 43 F.3d 1100, 1108-09 (6th Cir. 1995); s*ee also Workman v. Bredesen*, 486 F.3d 896 (6th Cir. 2007) (same). *See* FED. R. CIV. PRO. 65(a).
[5] *City of Parma v. Levi,* 536 F.2d 133, 135 (6th Cir. 1976).

(Prohibitions concerning companion animals."), and it has been 18 days since Glendenning's cats were seized pursuant to a search warrant.

R.C. 959.132(B) authorizes an officer to, "seize and cause to be impounded at an impounding agency a companion animal that the officer has probable cause to believe is the subject of an offense." R.C. 959.132 defines "officer" as "any law enforcement officer, agent of a county humane society, or other person appointed to act as an animal control officer for a municipal corporation or township in accordance with state law, an ordinance, or a resolution." R.C. 959.132 defines "offense" as "a violation of section 959.131 of the Revised Code or an attempt, in violation of section 2923.02[6] of the Revised Code, to violate section 959.131 of the Revised Code. R.C. 959.131 is titled "Prohibitions concerning companion animals." R.C. 959.132(C) sets forth the procedure that is mandated upon seizure of companion animals,

> (C) The officer shall give written notice of the seizure and impoundment to the owner, keeper, or harborer of the companion animal that was seized and impounded. If the officer is unable to give the notice to the owner, keeper, or harborer of the companion animal, the officer shall post the notice on the door of the residence or in another conspicuous place on the premises at which the companion animal was seized. The notice shall include a statement that a hearing will be held not later than ten days after the notice is provided or at the next available court date to determine whether the officer had probable cause to seize the companion animal and, if applicable, to determine the amount of a bond or cash deposit that is needed to provide for the companion animal's care and keeping for not less than thirty days beginning on the date on which the companion animal was impounded.

---

[6] This R.C. section is titled "Attempt to commit an offense." See R.C. 2923.02.

Ohio case law provides further guidance on the requirements set forth in R.C 959.132. "959.132 sets forth the statutory procedure for the seizure and impoundment of companion animals while a defendant's **criminal case is pending**."[7]

The statute clearly requires commencement of criminal enforcement either concurrent, or roughly concurrent, with the seizure. If authority to seize arises out of the right to enforce a criminal statutes, absent an enforcement, there is no right to seize. The very authority to seize under R.C. 959.132 comes from a criminal violation of R.C. 959.131.

Plaintiff understands that a seizure of property may predate the filing of a criminal charge by a short period of time. However, the seizure arises out of a commencement of a criminal action. In other words, if there is a warrant based upon probable cause that a criminal offense has been committed, the seizure arises out of that criminal action. There was, according to Defendants, probable cause that animal cruelty was being committed, and although that may not be sufficient to charge a person, the warrant gave Defendants a right to enter Glendenning's home, and either find sufficient evidence to commence criminal proceedings, or not find sufficient evidence to commence criminal proceedings. If sufficient evidence is found to commence criminal proceedings, then Defendants have jurisdiction to enforce the animal cruelty laws. Defendants either have probable cause to commence criminal proceedings, and then there is authority to seize. If there is no probable cause to commence criminal proceeding, then there is no authority to seize. The seizure in Glendenning's case is similar to an arrest situation. If there is probable cause to arrest, the arrest is the commencement of the criminal enforcement.

Both the statute itself, and case law, require that there be criminal enforcement in conjunction with the seizure. Plaintiff concedes that in the context of a criminal enforcement,

---

[7] *State of Ohio v. Beck*, 11th Dist. Portage No. 2014-P-0050, 2015-Ohio-1069, ¶29. (emphasis added).

there is a right to seize under the statute, subject to Fourth and Fourteenth Amendment limitations. However, without a criminal prosecution, Defendants have no authority to seize, nor can they create this authority. There is no independent right to seize under R.C. 959.132 absent criminal proceedings. To seize property, and hold it without notice and an opportunity to be heard in a meaningful manner and time, with no pending criminal case, is simply not permissible either under the Statute, or under the Constitution.

Because there is no independent right to seize under this law, absent a criminal proceeding, and in as much as the search warrant states there is probable cause to commence a criminal proceeding for animal cruelty, by failing to commence a criminal proceeding, Defendants were divested of jurisdiction over a probable cause hearing held pursuant to R.C. 959.132. Therefore, Defendants have violated Plaintiff's right to be secure in his property under the Fourth Amendment, and have violated his rights to due process under the Fourteenth Amendment.

### B. R.C 959.132. is Unconstitutional both Facially and as Applied

Assuming Defendants can get past the jurisdictional bar of seizing cats pursuant to R.C. 959.132, without commencing criminal proceeding, the statute is both unconditional as applied and facially.

"The fundamental requisite of due process of law is the opportunity to be heard."[8] "The essential requirements of due process . . . are notice and an opportunity to respond."[9] Before a person is deprived of their property interest, notice must be given. [10] "This notice must

---

[8] *Grannis v. Ordean*, 234 U.S. 385, 394.
[9] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).
[10] *Shoemaker v. City of Howell*, 982 F.Supp.2d 745, 754-55 (E.D. Mich. 2013)

reasonably convey information pertaining to the deprivation and must provide for ways in which an individual may appear or challenge such a deprivation." [11] As set forth in the Complaint, the Statute fails to give any guidance whatsoever as to how much notice a person should receive in advance of the probable cause hearing. It fails to inform a person of whether they have a right to discover evidence prior to the hearing. It fails to inform a person as to what the standard of proof is, and who carries this burden. Is it preponderance of the evidence, is it beyond a reasonable doubt, or clear and convincing evidence? A person cannot prepare their defense without knowing what proof they need to provide to refute the standard of proof. If a person does not know what they are being charged with, and the underlying facts which create the basis for those charges, they are consequently unable to figure out whether they need to show, for example, proof of feeding the cats, proof of veterinary care, etc. Knowing what the charge are, and what evidence exists against a person, and what rules apply, all go to providing a person with notice under the mandates of due process. The Statute fails to inform whether criminal or civil procedure rules apply. It fails to inform a person of the financial repercussions of a bond determination, and how much a person will be required to pay if he either does not attend the hearing, or attends the hearing and probable cause is found. If there was a pending criminal proceeding, Glendenning would have had the right to discovery, an attorney, the ability to prepare in advance, would know what the formal charges are. In that case, perhaps due process would have been satisfied vis-à-vis the probable cause hearing. However, the fact that Glendenning's cats were seized independent of any criminal proceeding or enforcement, violated his due process and rights against unreasonable seizure.

---

[11] *Id.*, citing *Mullane*, 339 U.S. at 314 (" This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appeal or default, acquiesce or contest." ).

"This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest."[12] Defendants may claim that the telephone calls to Glendenning provided him notice of the hearing held on October 11, 2018. This is not so, however. He received a telephone call the Friday before the hearing telling him there would be a hearing on Columbus Day, October 8, 2018. That day was a holiday, and Parma Municipal Court was closed.[13] He then received another telephone call on Wednesday October 10, 2018, from a person from the Cleveland APL informing him that there would be a hearing the next day, October 11, 2018. No information was given to him, through either telephone call, as to what the hearing was about.

The City failed to provide Plaintiff with adequate notice of any postdeprivation hearing as required under the 14th Amendment. As stated below, "word of mouth" notice is insufficient due process,

> Mere notice of an impending deprivation alone, however, does not satisfy the notice requirements of procedural Due Process. Such notice must also provide the way this deprivation will occur and the means by which the deprivation may be contested. Even if the Court assumes Plaintiff was told by various City officials of an "informal hearing" process, the Supreme Court has already rejected this sort of" word of mouth" referral system as an invalid means of providing notice under procedural Due Process. See Memphis Light, Gas & Water Div. Craft, 436 U.S. 1, 14-16, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1976). The Court thus finds that the City failed to satisfy the notice requirements of procedural Due Process.[14]

---

[12] *Mullane* at 314.
[13] According to Parma Municipal Court website, the Court is closed on Columbus Day. See
[14] *Shoemaker v. City of Howell*, 982 F.Supp.2d 745, 755 (E.D. Mich. 2013)

Constitutionally adequate notice is that which provides a person with sufficient information to make the eventual hearing meaningful."[15] At a minimum, due process requires "some kind of notice and some kind of hearing."[16] Glendenning received no written notice of the October 11, 2018 hearing, and only received this notice of the hearing in his mail box, after he returned home from the hearing that day. Defendants violated Glendenning's right to due process under the Fourteenth Amendment. Both the Judgment of Defendant Judge Deanna O'Donnell and the hearing conducted, violated Glendenning's rights to due process. For that reason, the Judgment is invalid and the hearing is invalid. Because Cleveland APL cannot, as a matter of logic, hold a hearing within ten days of seizure as mandated by R.C. 959.132, the cats must be immediately returned to Glendenning.

The Fourth Amendment prohibits unreasonable seizures of property. When property is seized, the seizure must be reasonable.[17] "In assessing the reasonableness of a seizure, the court must 'balance the nature and a quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interest alleged to justify the intrusion.'"[18] What level of process is due to a person if dictated by the three-pronged test set forth by the US Supreme Court in *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893 (1976). The Supreme Court has instructed that "[t]he fundamental requirement of due process is the opportunity to be heard

---

[15] *Jaber v. Wayne State Univ. Bd. of Governors*, 788 F.Supp.2d 572, 576 (E.D. Mich. 2011) (quotation marks and citation omitted), *aff'd*, 487 F. App'x 995 (6th Cir. 2012).

[16] *Zinermon v. Burch*, 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (quoting *Goss v. Lopez*, 419 U.S. 565, 579, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975)) (emphasis in original).

[17] See *Livingston v. Luken*, 151 Fed.Appx. 470, 475 (6th Cir. 2005) ("A citizen has a Fourth Amendment right to freedom from "unreasonable ... seizures."), citing U.S. Const. amend. IV.

[18] *Livingston v. Luken*, 151 Fed.Appx. 470, 475 (6th Cir. 2005), quoting *Autoworld Specialty Cars, Inc. v. United States,* 815 F.2d 385, 388 (6th Cir.1987) (quoting *United States v. Jacobsen,* 466 U.S. 109, 125, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984)).

'at a meaningful time and in a meaningful manner.'"[19]  Inherent in the various cases is the

recognition that Fourth Amendment and due process protections run "almost into each other."[20]

These opinions recall the cherished maxim that physical invasion by the government is a

particularly serious intrusion affecting one's right to exclude, and is "one of the most essential

sticks in the bundle of rights that are commonly characterized as property."[21]  *Mathews* requires

courts to consider these factors: the private interest affected by governmental action, the risk of

erroneous deprivations of property, the probable value of additional protections, and the burden

on the government of additional procedural requirements.[22]

Turning to the *Mathews* test, the Ninth Circuit Court of Appeals in *San Jose Charter of

Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962 (9th Cir. 2005) held that "the

killing of a person's dog constitutes an unconstitutional destruction of property absent a

sufficiently compelling public interest.[23]  In Glendenning's case, the Court has ordered a bond of

more than f$58,000.00, which Glendenning must pay today, or else the Cleveland APL has

authority to dispose of his cats.  Hence, the first *Mathews* factor, the private interest involved,

weighs heavily in favor of Appellants.  The interest is of even greater concern when dealing with

---

[19] *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 1191 (1965)) (other citation omitted).
[20] See *Mapp v. Ohio*, 367 U.S. 643, 646, quoting *Boyd v. United States*, 116 U.S. 616, 630 (1886).
[21] *Loretto v. Telepromter Manhattan CATV Corp.*, 458 U.S. 419, 433 (1982), quoting *Kaiser Aetna v. United States*, 444 U.S. 164, 176 (1979).
[22] *Mathews*, 424 U.S. at 335.
[23] See *Fuller* v. Vines, 36 F.3d 65, 68 (9th Cir. 1994); see also *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 211-12 (3d Cir. 2001); *Lesher v. Reed*, 12 F.3d 148, 150-51 (8th Cir. 1994),

a living animal such as a dog which requires a higher level of protection than inanimate property.[24]

Under the Second Circuit's decision in *Krimstock v. Kelly*, 306 F.3d 40 (2002), Defendants were required by the Fourth Amendment to provide plaintiffs therein with a post-seizure, pre-judgment hearing at which to contest at an early point after seizure the validity of the initial seizure and the Defendants' justification for the continued impoundment of plaintiffs' property pending resolution of their administrative appeal. By failing to provide Glendenning a prompt post-seizure hearing, Defendants violated Appellants' Fourth Amendment rights.

Glendenning has a right to be secure in his personal property. Defendants have an interest in keeping animals from being abused. However, as to the erroneous deprivation prong of the *Matthews* test, the fact that Glendenning received one day notice of the hearing, without any information on what the hearing was about, the burden of proof, the standard of proof, what procedural rules apply, and generally a chance to know what it is a person needs to defend. The third prong weighs heavily in favor of Glendenning. There is a high probability of erroneous deprivation.

## VII.    DEFENDANTS WILL SUFFER NO INJURY

It will not injure Defendants if the cats are not disposed of. This is just maintaining the status quo.

## VIII.   IRREPARABLE INJURY

---

[24] The Ninth Circuit in *Hell's Angels* stated that "We have recognized that dogs are more than just a personal effect. *See Miller v. Clark County,* 340 F.3d 959, 968 n. 13 (9th Cir. 2003). The emotional attachment to a family's dog is not comparable to a possessory interest in furniture."

Plaintiff has already experienced significant injury. His cats have been unreasonably seized under the Fourth Amendment because Defendants failed to provide him with due process, by giving him notice and a meaningful opportunity to be heard. A hearing was conducted without notice and without the opportunity to obtain an attorney to represent him. Moreover, irreparable harm will occur after midnight today, because the October 11, 2018 Judgment Entry gives ownership of his cats to Cleveland APL, and permits them to dispose of said cats as they se fit. If Glendenning does not pay the Cleveland APL $58,950.00 by midnight today, he loses his property interest in his cats, and they will be disposed of as Cleveland APL sees fit. Moreover, the deprivation of constitutional rights constitutes irreparable injury.[25]

## IX. THE BALANCE OF HARMS WEIGHS STRONGLY IN FAVOR OF GRANTING PLAINTIFF THE RELIEF REQUESTED

There is no evidence that the public interest will be harmed if the Court grants temporary injunctive relief. The public has a powerful interest in protecting constitutional rights that is well served by granting injunctive relief here.[26]

## X. THE PUBLIC WILL BENEFIT

Preliminary relief will benefit the public because it will ensure that the Defendants' are enjoined from continuing to violate constitutional rights of person's by failing to provide due process.

## XI. NO SECURITY REQUIRED

---

[25] See *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012), quoting *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976).
[26] *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 579 (6th Cir. 2002) ("the public clearly has interest in vindicating constitutional right.").

Rule 65(c) states that "[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party found to have been wrongfully enjoined or restrained."[27]  As noted by one well-recognized authority, however, "the court may dispense with security altogether if grant of the injunction carries no risk of monetary loss to the defendant."[28]  The Sixth Circuit has observed that security is not mandatory under Rule 65(c), and can be dispensed with in the discretion of the court.[29]

In *Sak v. City of Aurelia, Iowa,*[30] Plaintiffs' dog was seized by the government, and required a bond of $1.00.[31]  Plaintiff is requesting this Court require no bond in this case.

## XII.    CONCLUSION

Pursuant to Federal Rules of Procedure, R. 65, Plaintiff asks this court to enter a temporary restraining order barring Defendants from disposing of his cats.   Plaintiff Glendenning also asks this Court to enter preliminary and permanent injunctions against Defendants, as well as their officers, agent, employees, attorneys, and all other persons acting in concert or participation with them, 1) requiring Defendants to return all of the cats seized to him; and 2) bar enforcement of R.C. 959.132.

Respectfully submitted,

/s/ Michela Huth
MICHELA HUTH

---

[27] FED. R. CIV. P. 65(c).
[28] C. Wright & A. Miller, Federal Practice And Procedure § 2954.
[29] *See Moltan Co. v. Eagle-Picher Industries, Inc.,* 55 F.3d 1171, 1176 (6th Cir. 1995).
[30] 832 F.Supp.2d 1026, 1047-48 (N.D. Iowa 2011).
[31] *Id.* at 1049 ("Pursuant to the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure, this preliminary injunction shall issue upon the payment of security in the amount of $1.00.")

(OH Reg. No. 0091353)
PO Box 17
Bolivar, OH 44612
Phone: 330-440-4027
Email: michelahuth.esq@gmail.com
*Attorney for Plaintiff*

/s/ Richard Rosenthal
RICHARD BRUCE ROSENTHAL
(NY Reg. No. 1637677)
120-82 Queens Blvd.
Kew Gardens, NY 11415
Phone: 718-261-0200
Fax: 718-793-2791
Email: richard@thedoglawyer.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Memorandum was sent on October 19, 2018 to all Defendants through their email addresses, which will be obtained immediately upon the filing of this Motion and Memorandum. Additionally, a telephone call will be placed to each Defendant to inform them of the filing.

  /s/ Michela Huth
MICHELA HUTH