IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS GLENDENNING, | ) | CASE NO. 1:18-cv-02424 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| -vs- | ) | |
| | ) | |
| CLEVELAND ANIMAL PROTECTIVE | ) | **DEFENDANT THE CLEVELAND** |
| LEAGUE, et al., | ) | **ANIMAL PROTECTIVE LEAGUE'S** |
| | ) | **MOTION TO STAY** |
| Defendants. | ) | |
| | ) | |

Now comes Defendant Cleveland Animal Protective League, by and through counsel, and respectfully moves this Court to stay the present matter pending resolution of the criminal charges against Plaintiff Dennis Glendenning currently pending in the Parma, Ohio Municipal Court. The reasons for this request are explained more fully in a Memorandum in Support, attached hereto and incorporated herein by reference.

Respectfully submitted,

*/s/ Thomas W. Wright*
THOMAS W. WRIGHT (0017529)
MATTHEW P. BARINGER (0082694)
**DAVIS & YOUNG**
29010 Chardon Road
Willoughby Hills, OH 44092
Ph: (216) 348-1700
Fax: (216) 621-0602
E-mail: twright@davisyoung.com
mbaringer@davisyoung.com
*Attorneys for Defendant Cleveland Animal*
*Protective League*

<u>**MEMORANDUM IN SUPPORT**</u>

## I.    <u>INTRODUCTION</u>

Plaintiff Dennis Glendenning ("Glendenning") has filed this Complaint against a number of individuals and entities, including the herein moving Defendant, the Cleveland Animal Protective League (the "Cleveland APL"). In his Complaint, Glendenning challenges the constitutionality of Ohio's statutes and procedures for seizing companion animals that are suspected of being treated cruelly. See Ohio R.C. Chapter 959. Glendenning also seeks injunctive and declaratory relief preventing Defendants from enforcing these laws against him.

There are currently state law criminal charges pending against Glendenning in the Parma, Ohio Municipal Court related to the same set of facts giving arise to the instant Complaint. Specifically, Glendenning has been charged with 25 counts of animal cruelty in violation of Ohio R.C. §§ 959.131(D)(1) and (2). Because criminal charges are pending against Glendenning, the Cleveland APL respectfully requests this case be stayed pending resolution of these charges as is required under 28 U.S.C. § 2283 and the United States Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

## II.    <u>FACTS</u>

The "facts" in this Memorandum are taken from the allegations in Plaintiff's Complaint. The APL disagrees with many of the allegations and the characterizations therein; however, for the purposes of this motion, these allegations are outlined below.

Glendenning resides in a house at 6069 Crossview Road in Seven Hills, Ohio. (Compl., ¶ 38.) He says he specializes in rescuing, socializing, and adopting-out feral cats. (Compl., ¶ 39.)

On October 2, 2018, he alleges that the Cleveland APL entered his property pursuant to a search warrant and seized 135 living cats and 22 deceased cats.  (Compl., ¶ 40.)

On October 10, 2018, Glendenning says he received a phone call from someone at the Cleveland APL to inform him that there would be a court hearing on October 11, 2018.  (Compl., ¶ 53.)  Glendenning appeared for the hearing before Judge Deanna O'Donnell[1] at the Parma Municipal Court.  (Compl., ¶ 55.)  Glendenning alleges that he requested an attorney for the hearing, but Judge O'Donnell denied this request.   Judge O'Donnell then proceeded to conduct a hearing on whether the Cleveland APL had probable cause to believe the cats were the subject of Ohio's animal cruelty laws; thus justifying the seizure of the cats.  (Compl., ¶¶ 56 - 60.)  Judge O'Donnell concluded that probable cause did exist.  (Compl., ¶ 60.)  As required under R.C. § 959.132(E)(1), she also set a bond of $58,950 to care for the 131 living cats that were seized.[2] (Compl., ¶ 38.)  If a bond is not paid for a seized animal, R.C. § 959.132(E)(3) allows the impounding agency to determine the disposition of that animal.  (Compl., ¶ 61.)

After the hearing, Glendenning says he had discussions with the Cleveland APL about possibly keeping nine of his "personal" cats.  (Compl., ¶ 62.)  Glendenning later went to the Cleveland APL and signed a Transfer of Ownership of all but nine of the cats.  (Compl., ¶ 64.)  Although Glendenning says he thought this meant he would get the nine cats back, the Cleveland APL informed him that was not the case.  Instead, the Cleveland APL advised him, per the Court's Order, he would have to pay the bond for these nine cats, amounting to $4,050, or the Cleveland APL would be granted the authority to determine the disposition of the animals pursuant to R.C. § 959.132(E)(3).  (Compl., ¶¶ 64-66.)  Glendenning was required to post the

[1] Judge O'Donnell is a Defendant in the present case.
[2] This was calculated based on a $15/day cost for each cat over the 30 days.

bond no later than October 19, 2018. This was explained in detail to Glendenning. As of today's date, Glendenning has not posted bond for any of the cats. (Compl., ¶ 61.)

Glendenning's Complaint challenges the constitutionality of R.C. Chapter 959 on various bases. Glendenning also requests injunctive and declaratory relief. Specifically, Glendenning's claims are as follows:

(1)   Injunctive Relief (requiring the return of all of his cats and barring enforcement of R.C. § 959.132);

(2)   Declaratory Relief (declaring that Glendenning is the owner of his cats and that Defendants violated his constitutional rights when they seized the cats);

(3)   42 U.S.C. § 1983 claim (violations of 4th Amendment's requirement of notice and an opportunity to be heard);

(4)   42 U.S.C. § 1983 claim (violations of 4th Amendment's prohibition against unreasonable searches and seizures);

(5)   42 U.S.C. § 1983 claim (violation of 14th Amendment alleging R.C. § 959.132 is facially overbroad);

(6)   42 U.S.C. § 1983 claim (***this claim appears to be mistakenly included in this Complaint as it addresses Canton Ordinance 505.14, and this case occurred in Seven Hills);

(7)   42 U.S.C. § 1983 claim (violation of 14th Amendment requirement as a result of deprivation of property without due process);

(8)   Violation of Ohio Constitution Article I, Section 16 (***this claim appears to be mistakenly included in this Complaint as it addresses a dog named Zeus);

(9)   *Monell* claims (against the City of Seven Hills and the Cleveland APL for, *inter alia*, implementing and enforcing unconstitutional policies);

(10)  42 U.S.C. 1988 claim (request for attorneys' fees).

Along with his Complaint, Glendenning filed a Motion for a Temporary Restraining Order ("TRO"). The Court conducted a telephonic hearing with counsel only on October 23, 2018. On October 26, 2018, the Court denied the Motion for TRO and set the matter for a hearing on Glendenning's request for a preliminary injunction for November 7, 2018.[3]

---

[3] The Cleveland APL is separately filing a Motion for Continuance of the November 7, 2018 because its President and CEO, Sharon Harvey, has preplanned travel arrangements to participate and attend a national symposium in Kansas City on critical issues facing animal shelters. Ms. Harvey is also on the Board of Directors of a national association of shelters, which is meeting in Kansas City following the symposium. Ms. Harvey is therefore scheduled to be out-of-town from November 6, 2018 through November 10, 2018.

On October 30, 2018, the Cleveland APL instituted criminal charges against Glendenning in Parma Municipal Court. As a humane society, the Cleveland APL has the authority to pursue criminal charges for alleged violations of the law relating to animal cruelty. R.C. § 2931.18(A)(1). These charges have been instituted against Glendenning by Defendant Jeffrey Holland, Esq., an attorney appointed by the Cleveland APL to prosecute these claims pursuant to R.C. § 2931.18(A)(1). Attached hereto as **Exhibit A** is a copy of the docket from the Parma Municipal Court, which is also available online. These charges include 23 alleged violations of R.C. § 959.131(D)(1) and two alleged violations of R.C. § 959.131(D)(2). Glendenning is scheduled to be arraigned on November 14, 2018 in Parma Municipal Court.

## III.   DISCUSSION

### A. 28 U.S.C. § 2283 prohibits federal courts from enjoining state criminal proceedings.

In this case, the Cleveland APL began a criminal investigation into Glendenning after it received a complaint about the conditions his cats were being subjected to in his home. The Cleveland APL obtained and executed a search warrant on Glendenning's property. Pursuant to R.C. § 959.132(B), 136 living cats and 23 deceased cats were seized during this search. Following the seizure of the cats, the Cleveland APL continued its investigation which included, *inter alia*, having the cats examined and treated by veterinarians to determine their health status. Ultimately, on October 30, 2018, the Cleveland APL, through prosecutor Jeffrey Holland, filed criminal charges against Glendenning in Parma Municipal Court. These charges include 25 violations of R.C. §§ 959.131(D)(1) and (2), each of which is a misdemeanor of the second degree under Ohio law.

In his Complaint, one of Glendenning's requests for relief is for an injunction preventing all Defendants—including Defendants Parma Municipal Court and Judge Deanna O'Donnell—from enforcing Ohio's animal cruelty laws against him. (Compl. ¶¶ 78-91.) If injunctive relief is granted in this case, this would require a stay of the criminal charges pending in Parma Municipal Court. However, 28 U.S.C. § 2283 provides as follows:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Indeed, there has been some form of this anti-injunction statute in existence since 1793. *Younger*, supra, 401 U.S. at 43. Accordingly, since this country's inception, Congress has recognized that federal courts should refrain from enjoining state court proceedings except under rare circumstances. As discussed more fully below, none of these circumstances exist in this case. Therefore, the Cleveland APL respectfully requests this Court stay the current case pending the resolution of the criminal proceedings against Glendenning in Parma Municipal Court.

**B. The *Younger* doctrine provides that the possible unconstitutionality of a state statute does not justify a federal court issuing an injunction against good-faith efforts by a state to enforce the statute.**

Glendenning's primary argument in this case is that the Ohio R.C. Chapter 959 is unconstitutional on its face. The issue in this motion, therefore, is whether the potential unconstitutionality of a state statute allows a federal court to issue an injunction preventing a state from prosecuting an alleged violation of the statute. This issue was answered by the United States Supreme Court in the *Younger* case, decided in 1971.

The *Younger* case involved a California statute that, in simple terms, prohibited persons from advocating the use of force or violence to effectuate political change. *Id*. at 38 (ftnt 1.) The

law was clearly intended to silence advocates of communism from urging the use of violence to overthrow government institutions. After John Harris ("Harris") was indicted in California state court under the statute, Harris sought an injunction in federal court to prevent this prosecution as a violation of his right to free speech. The federal district court issued an order enjoining the Los Angeles District Attorney (the "LA District Attorney") from proceeding with the prosecution against Harris, finding that the statute was unconstitutional. *Id.* at 41.

The LA District Attorney appealed, and the case reached the United States Supreme Court. In its opinion, the Court first discussed 28 U.S.C. § 2283's prohibition against federal courts issuing injunctions to stay state court proceedings. The Court noted that the primary public policy behind the statute is the concept of comity. Comity is central to the country's federalism principles and recognizes that that the federal government should not unduly interfere with the legitimate activities of the states. *Id.* at 44. The Court in *Younger* noted that this principle of comity is the reason the Court has repeated "time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is **not to issue such injunctions**. (Emphasis added.) *Id.* at 45, citing *Fenner v. Boykin*, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927 (1926); *Spielman Motor Sales Co. v. Dodge*, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322 (1935); *Beal v. Missouri Pac. R. Co.*, 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577 (1941); *Watson v. Buck*, 313 U.S. 387, 61 S.Ct. 962, 85 L.Ed. 1416 (1941); *Williams v. Miller*, 317 U.S. 599, 63 S.Ct. 258, 87 L.Ed. 489 (1942); *Douglas v. City of Jeannette*, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943).

Based on the above, the Court in *Younger* concluded that Harris was not entitled to an injunction preventing the LA District Attorney from prosecuting him for alleged violations of the

statute in question because Harris could litigate the constitutionality of the statute in those criminal proceedings. Therefore, the Court held that "the possible unconstitutionality of a statute 'on its face' does not in itself justify an injunction against good-faith attempts to enforce it[.]" This holding has become known as the *Younger* doctrine.

Applying the *Younger* doctrine to the present case requires the same result. Although Glendenning herein alleges that Ohio's animal cruelty laws are unconstitutional, this is an insufficient reason to justify this Court from enjoining the currently pending criminal proceeding against Glendenning in Parma Municipal Court. Principles of comity and federalism favor having Glendenning litigate the constitutionality of these statutes in the state court criminal proceedings. Accordingly, the Cleveland APL respectfully requests this case be stayed pending the resolution of these criminal proceedings.

**C. Judge Christopher Boyko issued a stay in a case directly analogous to the present case.**

Just last year, Judge Christopher Boyko ("Judge Boyko") of this same Court decided an almost identical case in *Caroline's Kids Pet Rescue v. Lake Humane Society*, 1:17-cv-00297, 2017 WL 3976209 (N.D. Ohio Sept. 11, 2017). In *Caroline's Kids*, the plaintiffs operated a cat rescue in Painesville, Ohio. After receiving a complaint that the cats were being mistreated, the Lake Humane Society obtained search warrants and seized nearly 161 cats in November 2016. A few weeks later, the Lake Humane Society appointed DanaMarie Pannella, Esq.[4] to investigate the matter. After further investigation, the operators of Caroline's Kids (Tom and Judie Brown) were indicted in Painesville Municipal Court for numerous alleged violations of R.C. 959.131.

---

[4] Attorney Pannella is in the same firm as Attorney Holland, the prosecutor in this case. Both Attorney Panella and Attorney Holland were named as defendants in *Caroline Kid's*.

Before criminal charges were filed, Caroline's Kids filed a complaint in federal court challenging the constitutionality of Ohio's animal cruelty laws and seeking injunctive relief preventing the various defendants from pursuing criminal prosecutions against the Browns. The defendants opposed Caroline's Kids' request for injunctive relief and requested a stay of the case pending the outcome of the Browns' criminal charges.

Judge Boyko analyzed the elements for injunctive relief, which requires a plaintiff to establish the following

(1) whether the movant has a strong likelihood of success on the merits;
(2) whether there is a threat of irreparable harm to the movant;
(3) whether others will suffer substantial harm as a result of the injunction, should it issue; and
(4) whether the public interest will be served by the injunction.

*See Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). In analyzing these factors, Judge Boyko found that Caroline's Kids had little to no chance of succeeding on the merits for numerous reasons. Judge Boyko also found that there was no irreparable harm because, in the event the Browns were acquitted of criminal charges, the loss of a pet or companion animal is susceptible to being compensated via money damages. *Id.* at * 4, citing *Reed v. Vickery*, No. 2:09-cv-91, 2009 WL 3276648 (S.D. Ohio Oct. 9, 2009). Lastly, Judge Boyko recognized that the State of Ohio has a legitimate public interest in safeguarding animals from inhumane treatment and enforcing Ohio's animal cruelty laws. Based on these findings, Judge Boyko denied Caroline's request for injunctive relief, which included a request for a TRO and a preliminary injunction.

Judge Boyko continued to analyze whether the case should proceed while criminal charges were pending against the Browns. This required application of the *Younger* doctrine, which has evolved to require the following three elements:

(1) an ongoing state judicial proceeding;
(2) the proceeding must implicate an important state interest; and
(3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges.

*Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990). "So long as the constitutional claims of [plaintiffs] can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate, the federal courts should abstain." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

Applying these elements to the case before him, Judge Boyko noted that criminal charges were currently ongoing in Painesville Municipal Court against the Browns.[5] He also held that punishing conduct prescribed by a state statute satisfies the second prong of *Younger*. *See Miskowski v. Peppler*, 36 F.App'x. 556, 557 (6th Cir. 2002). Lastly, Judge Boyko held that it is presumed that a state court has the ability to adequate address a criminal defendant's alleged constitutional arguments; therefore, the final prong in *Younger* was established.

Judge Boyko indicated there may be an exception to *Younger*' abstention doctrine if there is a showing of "bad faith, harassment or extraordinary circumstances." However, Judge Boyko noted that Ohio's statutory scheme required a probable cause hearing after the seizure of the cats

---

[5] Judge Boyko noted that, during the course of the federal case, Tom Brown had been convicted of 24 counts of animal cruelty, but his appeals were still pending. Judge Boyko did not indicate the status of the criminal charges against Judie Brown. Relying on *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608-609, 95 S.Ct. 1200, 43 L.Ed.2d 462 (1975), Judge Boyko noted that the abstention doctrine announced in *Younger* applies throughout the state criminal appellate process.

from Caroline's Kids. The Browns chose to waive this hearing; therefore, Judge Boyko found the Lake Humane Society acted with probable cause, which cannot constitute "bad faith."

The present case is on "all fours" with *Caroline's Kids*. Criminal charges are currently pending against Glendenning in Parma Municipal Court; the state has an important interest in seeing that Ohio's animal cruelty laws are enforced against Glendenning; and, Glendenning can raise his constitutional claims regarding Ohio's animal cruelty laws in his criminal proceedings. Further, any allegation of "bad faith" is both factually false and belied by the post-seizure probable cause hearing. Accordingly, as in *Caroline's Kids*—and pursuant to 28 U.S.C. § 2283 and the *Younger* doctrine—the Cleveland APL respectfully requests this case be stayed.

## IV.    CONCLUSION

For the above reasons, Defendant the Cleveland APL respectfully requests this Court issue a stay in this matter until the criminal charges against Plaintiff Dennis Glendenning are resolved in Parma Municipal Court.

Respectfully submitted,

*/s/ Thomas W. Wright*
THOMAS W. WRIGHT (0017529)
MATTHEW P. BARINGER (0082694)
***Attorneys for Defendant Cleveland Animal Protective League***

11

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(f)

I certify that this case has not been assigned to a track and that this memorandum adheres to the page limitation for standard unassigned cases set forth in Local Rule 7.1(f) of the United States District Court for the Northern District of Ohio.

/s/ Thomas W. Wright
THOMAS W. WRIGHT (0017529)
MATTHEW P. BARINGER (0082694)
**Attorneys for Defendant Cleveland Animal Protective League**

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2018 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Thomas W. Wright
THOMAS W. WRIGHT (0017529)
MATTHEW P. BARINGER (0082694)
**Attorneys for Defendant Cleveland Animal Protective League**