# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DENNIS GLENDENNING** | ) | CASE NO. 1:18-CV-02424 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | **MOTION TO STAY PRELIMINARY** |
| **CLEVELAND ANIMAL PROTECTIVE** | ) | **INJUNCTION HEARING AND TO** |
| **LEAGUE ("CLEVELAND APL"), et al.** | ) | **DISMISS COMPLAINT PURSUANT TO** |
| | ) | **ABSTENTION DOCTRINE** |
| Defendants | ) | |

Defendant J. Jeffrey Holland respectfully moves for a stay of the preliminary injunction hearing scheduled for November 7, 2018 and dismissal of the plaintiff's complaint pursuant to the abstention doctrine. A memorandum in support of this motion and supporting documents are attached and fully incorporated herein by reference.

    Respectfully submitted,

    */s/Timothy T. Brick*
    **TIMOTHY T. BRICK (0040526)**
    **JOSEPH MONROE II (0086540)**
    **Gallagher Sharp LLP**
    Sixth Floor – Bulkley Building
    1501 Euclid Avenue
    Cleveland, OH 44115
    (216) 241-5310 (Telephone)
    (216) 241-1608 (Facsimile)
    Email: tbrick@gallaghersharp.com
          jmonroe@gallaghersharp.com
    ***Attorneys for Defendant J. Jeffrey Holland***

**MEMORANDUM IN SUPPORT**

**I.    INTRODUCTION**

This matter arises out of the squalid conditions in which plaintiff Dennis Glendenning, ("Mr. Glendenning" or "plaintiff") lived along with at least 130 mostly feral cats at a house in Seven Hills, Ohio.  On October 2, 2018, the Cleveland Animal Protective League ("APL") entered plaintiff's property pursuant to a search warrant and seized the cats living in plaintiff's home, as well as a number of deceased cats.  On October 11, 2018, a "probable cause" hearing was held in the Parma Municipal Court. Defendant Judge Deanna O'Donnell found that probable cause existed to believe that plaintiff had violated state criminal laws relating to the prevention of cruelty to animals, and a bond was set.

As a result of the deplorable conditions the seized cats were forced to live in, criminal animal cruelty charges have been filed against Mr. Glendenning in Parma Municipal Court.  The criminal charges were initiated by the APL, and approved by the duly appointed prosecutor, Jeffrey Holland.[1]  After the probable cause hearing but before the filing of criminal charges, Mr. Glendenning filed this federal lawsuit asserting that his constitutional rights had been violated. Plaintiff seeks, among other things, injunctive relief and a declaration from this court that Ohio's statutory scheme involving animal cruelty is unconstitutional.  Pursuant to long-recognized principles of federalism and established case law, this Court should abstain from hearing Mr. Glendenning's complaint until he has exhausted his rights in the underlying state proceedings. Proceedings in this case should be stayed and the claims against Mr. Holland dismissed.

---

[1] Plaintiff also named the City of Seven Hills and its prosecutor, Patrick Dichiro, as defendants in the case.  In a recent conference with this Court, plaintiff's counsel indicated that the City of Seven Hills and its prosecutor were erroneously named as defendants and that they would likely be dismissed.

## II. STATEMENT OF THE CASE

Dennis Glendenning resides in a house at 6069 Crossview Road in Seven Hills, Ohio where he claims to specialize in rescuing and socializing feral cats. (Compl. at ¶¶ 38-39.) On October 2, 2018, the Cleveland Animal Protective League entered the plaintiff's home pursuant to a search warrant. (Compl. at ¶ 40.) The APL seized 154 cats, of which 22 were already dead. (*Id.*)

Pursuant to R.C. 959.132, a probable cause hearing was held by the Parma Municipal Court on October 11, 2018. (Compl. at ¶ 53-55.) Plaintiff was advised that a hearing would be held on October 11, 2018 and he did, in fact, attend the hearing in person. (Compl. at ¶ 50-55.) At the conclusion of the probable cause hearing, Judge Deanna O'Donnell issued a judgment entry in the Parma Municipal Court action which provides:[2]

> This matter came before this Court on October 11, 2018, for a hearing pursuant to ORC 959.132(E). Based on the evidence and testimony, this Court finds that the officer did impound 131 cats from the Defendant's property; that said office had probable cause to believe that the animal(s) were the subject of a violation of ORC 959.131; and that Defendant is the owner of the animal(s).
>
> This Court further finds that $450.00/month is reasonably needed for the care of the animal(s) from the date of seizure until 12-1-2018.
>
> Therefore, pursuant to ORC 959.132(E)(3), the Defendant shall post a deposit in the amount of $58,950 to the Cleveland Animal Protective League, (APL) at 1729 Wiley Avenue, Cleveland, OH 44113 no later than 10/19/2018.

Plaintiff complains that he did not receive proper notice with respect to the probable cause hearing and that his due process rights were violated. (Compl. at ¶ 50-59.) However, in the October 26, 2018 Order denying plaintiff's motion for temporary restraining order, this Court determined that plaintiff was home and present during the search and seizure, was informed that

---

[2] The October 11, 2018 Judgment Entry in *City of Seven Hills v. Dennis H. Glendenning*, Parma Municipal Court Case No. 18MIS013 was attached as Exhibit A to Plaintiff's Complaint, and is also attached hereto as Exhibit A.

3

a hearing would be held, was present at the hearing and "though notice may not have been optimal, notice was adequate."

Pursuant to R.C. §2931.18 the Cleveland APL, as a humane society, has the authority to employ an attorney to prosecute violations of the law relating to the prevention of cruelty to animals. Jeffrey Holland is an attorney duly appointed by the APL to prosecute animal cruelty charges against individuals such as plaintiff. (Compl. at ¶ 17.) On or about October 30, 2018, the plaintiff was criminally charged with 25 counts of animal cruelty in Parma Municipal Court in the case captioned *State of Ohio v. Dennis Glendenning*, Case No. 18CRB04963.[3]

On October 19, 2018, plaintiff filed the instant Federal lawsuit. This case was filed after the judgment entry issued by Judge O'Donnell following the probable cause hearing in Parma Municipal Court, but before the recent filing of the criminal charges. All of plaintiff's constitutional and other claims can and must be litigated in the ongoing state court proceedings. For the reasons set forth below, Mr. Holland respectfully moves this Court to stay all proceeding in this Federal court action and to dismiss the claims asserted against him.

### III. LAW AND ARGUMENT

#### A. Standard of Review: Civ. R. 12(b)(6)

When considering a Fed. R. Civ. P. 12 motion to dismiss, the Court accepts all well-pled factual allegations as true, and construes the complaint in the light most favorable to the plaintiff. *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[3] A copy of the complaint filed in Parma Municipal Court in *State of Ohio v. Dennis Glendenning*, Case No. 18CRB04963 is attached hereto as Exhibit B.

4

In general, the district court may not consider evidence outside of the complaint in resolving a motion to dismiss. *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001). In resolving a Rule 12(b)(6) motion, however, a district court may consider public records, including judicial proceedings, without converting the motion to one for summary judgment. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). Additionally, a district court "may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010).

### B.  *Younger* Abstention Doctrine

Federal courts have long declined to interfere with ongoing state court proceedings. The reason for this is simple – "[a]n intolerable condition would arise, if, whenever about to be charged with violating a state law, one were permitted freely to contest its validity by an original proceeding in some federal court." *Fenner v. Boykin*, 271 U.S. 240, 244 (1926). Application of the abstention doctrine is also consistent with the principles of federalism upon which this country was founded. "This underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration...the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 45 (1971). Thus, as noted by the *Younger* court, "it has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is to not issue such injunctions." *Id*. at 45. The *Younger* court went on to state that such a federal suit, "even with respect to state criminal proceedings ***not yet formally instituted***, could be proper only under very special circumstances." *Id*. (emphasis

added.)  Finally, the principles of *Younger* apply whether the underlying state proceedings are criminal, quasi-criminal, or civil in nature. *Huffman v. Pursue, Ltd*., 420 U.S. 592 (1975).

The Sixth Circuit looks at three factors to determine if *Younger* abstention is warranted: "(1) whether the underlying proceedings constitute an ongoing state judicial proceeding, (2) whether the proceedings implicate important state interests, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Loch v. Watkins*, 337 F.3d 574, 578, (6th Cir. 2003).  In *Loch*, the plaintiff's car was seized by law enforcement as part their investigation into the possible violation of state drug laws. *Id*. at 576.  The seizure was authorized pursuant to a state law. *Id*.  Following the seizure, but before the state conducted a forfeiture hearing, the plaintiff filed a complaint in federal court with allegations similar to the ones made by Mr. Glendenning here. *Id*. at 577.  The Sixth Circuit affirmed the district court's dismissal of the plaintiff's complaint pursuant to the *Younger* abstention doctrine. *Id*. at 579.

    **C.**    **Application of *Younger* to This Case**

        **1.**    **Ongoing State Judicial Proceedings**

State court proceedings involving a plaintiff remain pending until the litigant has exhausted all state appellate remedies. *Huffman*, 420 U.S. at 609.  Here, just as was the case in *Loch*, it does not matter that Mr. Glendenning's federal lawsuit was filed before state criminal charges were filed. *Loch*, 337 F.3d at 579.  As noted by the Supreme Court, "where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975).  It is also nonetheless clear that the underlying state judicial proceedings against the plaintiff did begin before his filing of the federal suit.  The seizure of the plaintiff's property and

6

ensuing probable cause hearing prompted the filing of Mr. Glendenning's federal lawsuit. Finally, the state proceedings related to the seizure of Mr. Glendenning's property had not come close to exhaustion prior to the filing of the federal complaint. The first factor for application of *Younger* abstention is therefore satisfied.

### 2. The Underlying Proceedings Implicate Important State Interests.

The Supreme Court has recognized that enforcement of criminal laws is among a state's most important interests. *Juidice v. Vail*, 430 U.S. 327, 335 (1977). In *Huffman*, the lessee of a theater which had been ordered to close under a Ohio nuisance statute brought a federal action for declaratory and injunctive relief challenging the statute. *Huffman*, 420 U.S. at 595. Mr. Glendenning's federal lawsuit here is akin to the attempt made by the *Huffman* plaintiff, which was recognized by the court as one that "disrupted [the] State's efforts to protect the very interests which underlie its criminal laws and obtain compliance with precisely the standards which are embodied in its criminal laws." *Id*. at 605. As applied to this case, the state's filing of criminal charges and its seizure of the plaintiff's property pursuant to R.C. 939.132 leaves no doubt that important state interests are at stake. Furthermore, the Sixth Circuit has held that forfeiture proceedings are quasi-criminal in nature and that the state's "interest in its forfeiture laws is directly correlated with its interest in the enforcement of the criminal laws." *Loch*, 337 F.3d at 579. Therefore, an important state interest was implicated the moment plaintiff's property was seized pursuant to state statute. Under these circumstances, the second factor for application of *Younger* abstention is satisfied.

### 3. The Plaintiff Has Adequate Opportunity to Raise Constitutional Challenges in the Underlying State Proceedings.

The underlying state proceedings in this case will afford the plaintiff ample opportunity to contest the constitutionality of a state statute. The plaintiff has only very recently been

criminally charged and still has the right to a trial and appeal if necessary. In *Younger*, the court noted that because a proceeding in state court was already pending at the time the federal lawsuit was filed, the plaintiff was afforded the opportunity to raise his constitutional claims there. *Younger*, 401 U.S. at 49. By seeking federal intervention in this matter before state proceedings are exhausted, the plaintiff is essentially arguing that state judges will not be faithful to their constitutional responsibilities. The *Huffman* court recognized the impropriety of such a maneuver and disallowed it. *Huffman*, 420 U.S. at 611. The third factor supporting application of *Younger* abstention is satisfied in this case.

## IV. CONCLUSION

On account of the principles of federalism and the abstention doctrine, this Court lacks jurisdiction to hear the plaintiff's complaint at this time. For this reason, as fully supported above, Defendant J. Jeffrey Holland respectfully requests that this Court stay the preliminary injunctive hearing scheduled for November 7, 2018, and dismiss the plaintiff's complaint.

Respectfully submitted,

*/s/Timothy T. Brick*
**TIMOTHY T. BRICK (0040526)**
**JOSEPH MONROE II (0086540)**
**Gallagher Sharp LLP**
Sixth Floor – Bulkley Building
1501 Euclid Avenue
Cleveland, OH 44115
(216) 241-5310 (Telephone)
(216) 241-1608 (Facsimile)
Email: tbrick@gallaghersharp.com
jmonroe@gallaghersharp.com
***Attorneys for Defendant J. Jeffrey Holland***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of November, 2018 a copy of the foregoing *Motion to Stay Preliminary Injunction Hearing and to Dismiss Complaint Pursuant to Abstention Doctrine* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

    Respectfully submitted,

    */s/Timothy T. Brick*
    **TIMOTHY T. BRICK (0040526)**
    **Gallagher Sharp LLP**
    *One of the Attorneys for Defendant*
    *J. Jeffrey Holland*