IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DENNIS GLENDENNING** | ) | CASE NO. 1:18-CV-02424 |
| | ) | |
| **Plaintiff** | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | **REPLY BRIEF IN SUPPORT OF** |
| **CLEVELAND ANIMAL PROTECTIVE** | ) | **MOTION TO STAY PRELIMINARY** |
| **LEAGUE ("CLEVELAND APL"), et al.** | ) | **INJUNCTION HEARING AND TO** |
| | ) | **DISMISS COMPLAINT PURSUANT TO** |
| **Defendants** | ) | **ABSTENTION DOCTRINE** |

Defendant J. Jeffrey Holland, by and through counsel, respectfully submits his reply brief in support of his motion to stay and dismiss the plaintiff's complaint pursuant to the abstention doctrine.

In an effort to avoid a stay, plaintiff has abandoned prior arguments set forth in his complaint and motion for injunctive relief.  Initially, plaintiff argued that feral cats living in his house could not be legally seized without the filing of a criminal complaint.  On October 30, 2018, plaintiff was criminally charged in the case captioned *State of Ohio v. Dennis Glendenning*, Case No. 18CRB04963 in the Parma Municipal Court.  The criminal complaint contains 24 counts based on plaintiff's violation of R.C. 959.131(D)(1) and 2 counts in violation of R.C. 959.131(2).  (See, Ex. B to Motion to Stay Preliminary Injunction Hearing and to Dismiss Complaint Pursuant to Abstention Doctrine.)  Now that criminal charges have been filed plaintiff argues, for the first time, that he is really only challenging the procedure set forth in R.C. 959.132 relating to the seizure of abused animals.  Ohio's statutory scheme for addressing animal abuse must be analyzed as a whole, and plaintiff cannot avoid a stay in this case with a new strategy of attacking only the procedures set forth in R.C. 959.132.  Plaintiff clearly has the opportunity to raise all constitutional and other claims at issue in this case in the ongoing

criminal case and a related appeal of the Order finding probable cause existed to seize the cats living in his home. Pursuant to the *Younger* abstention doctrine, defendant Jeffrey Holland respectfully moves this Court to dismiss plaintiff's amended complaint, or for an Order staying this Federal Court action.

**I.     THE TRANSCRIPT ATTACHED TO THE PLAINTIFF'S OPPOSITION BRIEF DEMONSTRATES WHY THE FILING OF ANIMAL CRUELTY CHARGES IS IN CONCERT WITH THE SEIZURE OF PLAINTIFF'S CATS**

Over 150 feral cats were living in deplorable conditions in plaintiff's home located in Seven Hills, Ohio. After obtaining a valid search warrant, the Cleveland Animal Protective League ("Cleveland APL") seized the cats on October 2, 2018. On October 11, 2018, a probable cause hearing was held pursuant to R.C. 959.132. Plaintiff cited to a portion of the transcript from that hearing to argue that the seizure of plaintiff's cats is wholly separate from the filing of animal cruelty charges pursuant to R.C. 959.131. (Pl.'s Opp., pp. 3-4.) A reading of the complete transcript, however, establishes why R.C. 959.132 (Impounding and disposition of companion animal) and R.C. 959.131 (Prohibitions concerning companion animals) work together within Ohio's statutory framework criminalizing animal cruelty.

As an initial matter, the excerpt that plaintiff cites to as Defendant Holland's alleged admission that property seizure under 959.132 is "apart" from animal cruelty charges under 959.131 was a statement made by Mr. Holland with respect to a hypothetical situation that has no bearing on this case now that criminal charges have actually been filed against the plaintiff. (Pl.'s Opp., p. 4.) In any event, the actual sworn testimony provided at the hearing supports the conclusion that, rather than being wholly separate processes, the impounding of animals and filing of animal cruelty charges are instead very much related. For example, Cleveland APL Chief Humane Investigator Joseph Dell'Anno testified as follows at the probable cause hearing:

2

- Upon entering the plaintiff's property on Oct. 2, 2018, the odor of ammonia was so strong that Dell'Anno had to wear a respirator. (Tr. 15: 21-24, ECF Doc# 19-1.)

- A cat was actively bleeding on a pillow on the plaintiff's bed. (Tr. 17: 19-21, ECF Doc# 19-1.)

- Multiple deceased cats were found unrefrigerated and decomposing, with maggots on then in areas where other cats were living. (Tr. 18: 18-20, 19: 12-14, ECF Doc# 19-1.)

- A large amount of diarrhea was found throughout the plaintiff's house. (Tr. 21: 14-16, ECF Doc# 19-1.)

- In addition to the respirator, investigating humane agents wore hazardous material protective clothing and boots and gloves. (Tr. 24: 6-9, ECF Doc# 19-1.)

Despite the horrendous conditions inside the plaintiff's house on October 2, 2018 as shown above, the most vivid assessment of just how bad conditions were is shown through Mr. Dell'Anno's discovery of a recently deceased cat:

> Question: All right. Showing you what's been marked as 21, State's Exhibit 21; can you tell me what that photograph shows?
>
> Answer: Yes this is a picture of a cat that inside of the garage during the warrant, the cat was alive for the initial walkthrough which consisted of just several individuals, we did not start taking the cats at that point we were just walking through the Building Commission, the Health Department and the officers walked through. The animal was alive at that time. We then proceeded to walk outside and waited for our veterinarian to come who did her walkthrough and at that time the cat was deceased with a large pool of very liquid diarrhea behind it. The cat looks to have some fur loss, some wet fur.

(Tr. 30:25 – 31:8, ECF Doc# 19-1.)

The above conditions were deemed sufficiently bad by Mr. Dell'Anno to justify the seizure of the plaintiff's cats pursuant to R.C. 959.132. (Tr. 31: 24-25, ECF Doc# 19-1.) The seizure, later held to have been done with probable cause, was also used to support the filing of

3

criminal charges against the plaintiff pursuant to R.C. 959.131.  This demonstrates how the two statutes work together.

The interrelated nature of the probable cause hearing and the potential filing of criminal charges were also made clear on the record.  At the onset of the hearing, Judge O'Donnell stated as follows:  "Okay.  So this is really whether or not the cats could be held pending any future action by the APL."  (Tr. 5: 10-11, ECF Doc# 19-1.)   And later on, Mr. Holland felt compelled to warn the plaintiff of his right not to testify during the probable cause hearing because anything he said could be used against him in a subsequent animal cruelty prosecution.  (Tr. 47: 2-4, ECF Doc# 19-1.)  As the plaintiff's criminal case makes clear, the seizure of animals pursuant to R.C. 959.132 is fully related to the subsequent filing of animal cruelty charges pursuant to R.C. 959.131.

## II.  PLAINTIFF PREVIOUSLY ARGUED THAT R.C. 959.132 AND R.C. 959.131 ACT IN CONCERT

The purported distinction between R.C. 959.132 and R.C. 959.131 that plaintiff attempts to draw in his opposition to Mr. Holland's motion to stay and dismiss the complaint was not articulated in the plaintiff's complaint and motion for injunctive relief.  In fact, the plaintiff took the opposite position when filing this case.

Plaintiff made clear to this Court and through his pleadings that his primary contention upon the filing of this matter was that the feral cats could not be legally seized pursuant to R.C. 959.132 without the filing of criminal charges under R.C. 959.131.  (*See* Pl.'s Comp. ¶ 36; Pl.'s Memo in Support of Motion for Injunctive Relief, p. 2.)  In fact, the plaintiff even specifically alleged that the right to seize under R.C. 959.132 "is a function of, and arises out of, criminal enforcement."  (Pl.'s Compl. ¶ 6.)  Now that criminal charges have been filed, the plaintiff

4

cannot credibly argue that R.C. 959.132 is so separate from the currently pending criminal charges that the *Younger* abstention doctrine does not apply.

Plaintiff argues that *Younger* abstention does not apply in this case because R.C. 959.132 is neither a "forfeiture proceeding" nor "quasi criminal." Plaintiff's effort to avoid a stay in this case by trying to create meaningless legal distinctions should be rejected. The *Younger* abstention doctrine is broad enough to encompass the current situation. For example, in *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200 (1975), the United States Supreme Court applied *Younger* abstention to non-criminal matters. In the present case, the Cleveland APL seized the cats living at plaintiff's home pursuant to the authority set forth in R.C. 959.132. Evidence obtained pursuant to this statute has been used to support the filing of the criminal complaint filed against the plaintiff currently pending in Parma Municipal Court. A finding by this (or any other) court that the seizure of the cats was "unconstitutional" would obviously have a significant impact on the currently pending criminal charges which would violate the very purpose of the abstention doctrine.

### III. THE PLAINTIFF'S STATE COURT APPEAL FURTHER SUPPORTS ABSTENTION

Plaintiff argues at page 6 of his brief in opposition that "[t]here is no ongoing state judicial proceeding for *Younger* purposes, as it relates to the R.C. 959.132 proceedings." This claim is simply not true. Plaintiff has filed an appeal of the court order finding that probable cause existed which is currently pending. That appeal, captioned *City of Seven Hills v. Glendenning*, CA-18-107883, was filed November 7, 2018.[1] The judgment entry that the plaintiff appealed specifically references both R.C. 959.132 and R.C. 959.131. Clearly, plaintiff has an opportunity to raise any constitutional or other issues relating to R.C. 959.132 in the state

---

[1] Plaintiff's Notice of Appeal filed on November 7, 2018 in the Eighth District Court of Appeals captioned *City of Seven Hills v. Glendenning*, CA-18-107883 is attached hereto as Exhibit A.

5

court appeal. Absent a showing of bad faith, harassment, or other extraordinary circumstances, which do not exist and have not been alleged here, plaintiff's constitutional claims can and must be determined in the ongoing state court proceedings. *Middlesex Cty. Ethics Comm. v. GardenState Bar Assoc.*, 457 U.S. 423, 102 S.Ct. 2517 (1982).

Plaintiff also argues at page 7 of his opposition brief that he does not have an "adequate opportunity" in the criminal case to raise constitutional challenges related to the R.C. 959.132 proceeding. This argument also rings hollow. In fact, plaintiff has two avenues in state court to raise and challenge the very constitutional issues that he asks this Court to decide; the criminal case and the appeal, both of which are being actively litigated. Between these two state court proceedings, plaintiff has an opportunity to raise each and every defense, constitutional or otherwise, and there is simply no need for this Court to decide these important state law issues at this time, and, in fact, to do so would be contrary to the *Younger* abstention doctrine.

## IV. CONCLUSION

The plaintiff previously argued that R.C. 959.132 and R.C. 959.131 were so inseparable that seizure under 959.132 was not permitted without corresponding criminal charges under 939.131. Now that charges have been filed, and in the face of case law that abstention is appropriate even if a plaintiff wins a race to the courthouse and files a federal lawsuit before the filing of state criminal charges, the plaintiff has abruptly changed his argument. The plaintiff's flip-flop, however, is consistent with his overarching and transparent goal of preventing state court judges from deciding the constitutionality of state statutes. The *Younger* doctrine was developed to safeguard against this very approach. Plaintiff has the opportunity to raise all constitutional issues in the two active and ongoing state court proceedings. As a result,

6

defendant Jeffrey Holland respectfully requests that this Court dismiss plaintiff's amended complaint, or, in the alternative, that this Federal action be stayed.

Respectfully submitted,

*/s/Timothy T. Brick*
**TIMOTHY T. BRICK (0040526)**
**JOSEPH MONROE II (0086540)**
**Gallagher Sharp LLP**
Sixth Floor – Bulkley Building
1501 Euclid Avenue
Cleveland, OH  44115
(216) 241-5310 (Telephone)
(216) 241-1608 (Facsimile)
Email: tbrick@gallaghersharp.com
jmonroe@gallaghersharp.com
***Attorneys for Defendant J. Jeffrey Holland***

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of December, 2018 a copy of the foregoing *Reply Brief in Support of Motion to Stay Preliminary Injunction Hearing and to Dismiss Complaint Pursuant to Abstention Doctrine* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

Respectfully submitted,

*/s/Timothy T. Brick*
**TIMOTHY T. BRICK (0040526)**
**JOSEPH MONROE II (0086540)**
**Gallagher Sharp LLP**
***Attorneys for Defendant J. Jeffrey Holland***