## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

DENNIS GLENDENNING
c/o Attorney Michela Huth
PO Box 17
Bolivar, Ohio 44612

              Plaintiff,

v.

CLEVELAND ANIMAL PROTECTIVE
LEAGUE ("CLEVELAND APL")
c/o Statutory Agent
Sharon A. Harvey
President and CEO
Cleveland APL
1729 Willey Avenue
Cleveland, Ohio 44113

and

JEFFREY HOLLAND, in his official and
individual capacity.
1343 Sharon-Copley Road
Sharon Center, Ohio 44274

and

PATRICK DICHIRO, in his official and
individual capacity.
Prosecutor
City of Seven Hills, Ohio
7325 Summitview Drive
Seven Hills, Ohio 44131

and

DAN KAPPUS
c/o City of Seven Hills, Ohio
7325 Summitview Drive
Seven Hills, Ohio 44131

and

Case No.  1:18-cv-02424

JUDGE SOLOMON OLIVER, JR.

**FIRST AMENDED COMPLAINT
CIVIL RIGHTS ACTION
(42 U.S.C. § 1983)
DECLARATORY RELIEF,
PRELIMINARY AND PERMANENT
INJUNCTION, AND DAMAGES**

**[JURY DEMAND ENDORSED HEREON]**

**(Oral Argument Requested)**

JOSEPH DELL'ANNO
c/o Cleveland APL
1729 Willey Avenue
Cleveland, Ohio 44113

And

CITY OF SEVEN HILLS, OHIO
7325 Summitview Drive
Seven Hills, Ohio 44131

                 Defendants.

COMES NOW, Dennis Glendenning, and files his Complaint against Defendants Cleveland Animal Protective League, City of Seven Hills, Ohio, Dan Kappus, Joseph Dell'Anno, Jeffrey Holland, in his individual and official capacity, and Patrick Dechiro, in his individual and official capacity.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction as GLENDENNING's claims are based upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States.

2.     This Court has jurisdiction pursuant to § 1331 of the Judicial Code (28 U.S.C.A § 1331) as this is a civil action arising under the Constitution of the United States.

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) as this action seeks to remedy deprivations, under color of law, of GLENDENNING's rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and applicable federal laws.

4.     GLENDENNING's claims for attorney's fees and costs are predicated upon 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing parties pursuant to 42 U.S.C § 1983.

5.      Venue is conferred by 28 U.S.C § 1391(b) and as Defendants are located in Cuyahoga County, Ohio, and the events giving rise to this claim occurred in Cuyahoga County, Ohio.

## JURY DEMAND

6.      Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury in this action.

## PARTIES

7.      Plaintiff DENNIS GLENDENNING runs a cat rescue named Lucky's Angels, in Seven Hills, Ohio, Cuyahoga County.

8.      Defendant CLEVELAND ANIMAL PROTECTIVE LEAGUE ("APL"), is located in Cleveland, Ohio, Cuyahoga County, and is a "private 501(c)3), nonprofit humane society operating in Cleveland, Ohio.

9.      CLEVELAND ANIMAL PROTECTIVE LEAGUE is, and all times relevant herein, has been, responsible for the constitutional violations alleged herein, through the adoption, implementation and maintenance of its official and unofficial customs, policies, practices and procedures.

10.     Defendant JEFFREY HOLLAND is a private attorney in Ohio, hired by the Cleveland APL, and is being sued in both an individual and official capacity.

11.     Defendant PATRICK DICHIRO is a prosecutor for Defendant City of Seven Hills, Ohio. and is being sued in both an individual and official capacity.

12.     Defendant DAN KAPPUS is a police officer, employed by the CITY OF SEVEN HILLS.

13.     Defendant JOSEPH DELL'ANNO is a humane officer, employed by the CLEVELAND APL.

14.     Defendant CITY OF SEVEN HILLS, OHIO is a municipality located in Seven Hills, Ohio.

15.     Defendant CITY OF SEVEN HILLS, OHIO, is, and all times relevant herein has been, a governmental entity responsible for the constitutional violations alleged herein, through the adoption, implementation and maintenance of its official and unofficial customs, policies, practices and procedures.

## FACTS

16.     GLENDENNING hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

17.     GLENDENNING lives in a 6000 square foot house, with three stories, and a basement.

18.     GLENDENNING specializes in rescuing and socializing, and adopting out, feral cats, which he has domesticated and rendered sociable to humans.

19.     On October 2, 2018 Defendants JOSEPH DELL'ANNO, DAN KAPPUS, CITY OF SEVEN HILLS, and CLEVELAND APL, entered GLENDENNING's property with a search warrant and seized 135 living cats, and 22 deceased cats.

20.     Some of the cats seized were in an area of the house, which was isolated, due to the cats being quarantined by him for ringworm.

21.     The source of the ringworm came from CLEVELAND APL.

22.     In June of 2018, GLENDENNING voluntarily gave ten cats to the CLEVELAND APL. Sometime thereafter, CLEVELAND APL returned seven cats claiming they all had ringworm. He took the cats to the vet, who only identified one cat as having ringworm.  The cats did not have ringworm when they were given to CLEVELAND APL.

4

23.     A majority of the deceased cats, which were seized, had been placed by GLENDENNING in the garage, in order to bury them on his property.

24.     Because GLENDENNING operates a feral cat rescue, he rescues many sick cats, who often he is unable to save from dying due to their condition.

25.     Additionally, many of the cats die of old age.

26.     There were 6 non-living kittens in one of his freezers in GLENDENNING's house. These kittens were awaiting a woman to pick them up to cremate them.

27.     Cats who had been with GLENDENNING for 15 and 17 years were seized.

28.     One of those cats, Princess Kong, died in the possession of CLEVELAND APL.

29.     Princess Kong had cancer, and GLENDENNING planned to the end of her life experienced peacefully and in his home.

30.     CLEVELAND APL gave Princess Kong dead body on October 16, 2018 to GLENDENNING.

31.     CLEVELAND APL mutilated her body prior to giving her dead body back to GLENDENNING.

32.     During the seizure, GLENDENNING's personal property was damaged.

33.     When CLEVELAND APL, KAPPUS, DELL'ANNO, SEVEN HILLS, seized the cats on October 2, 2018, they damaged property having a total value of more than $30,000.00.

34.     This damage including the theft by CLEVELAND APL, KAPPUS, DELL'ANNO, AND SEVEN HILLS of coins worth more than $16,800.00.

35.     CLEVELAND APL and DELL'ANNO would not accept a complaint from GLENDENNING pertaining to the destruction and theft of GLENDENNING's property.

36.     CITY OF SEVEN HILLS and DAN KAPPUS, would not permit GLENDENNING to file a police report for the property damaged and stolen.

37.     Without a police report, GLENDENNING is unable to file an insurance claim for the property damaged and stolen by CLEVELAND APL, DAN KAPPUS, and SEVEN HILLS.

38.     CLEVELAND APL, CITY OF SEVEN HILLS, DICHIRO, DELL'ANNO, AND DAN KAPPUS detained GLENDENNING for over 6 hours on October 2, 2018.

39.     On Friday, October 5, 2018, GLENDENNING received a telephone call from an Officer Bryant of the CLEVELAND APL.  She informed him that a hearing was set for Monday, October 8, 2018 in the Parma Municipal Court.

40.     GLENDENNING informed her that that date was a holiday.  She told him that the hearing would then be rescheduled.

41.     Officer Bryant did not tell GLENDENNING what the hearing was for.

42.     On Wednesday, October 10, 2018 a person from the CLEVELAND APL, who did not identify himself, telephoned GLENDENNING and told him that there would be a hearing on October 11, 2018 at 1:30 p.m.

43.     This person did not tell GLENDENNING what type of hearing this was, nor any other information about it.

44.     GLENDENNING went to the Parma Municipal Court on October 11, 2018 for the hearing.

45.     During the hearing, GLENDENNING asked the Court to appoint him an attorney, because he could not afford one.

46.     This request was denied by Judge Deanna O'Donnell.

47.     He then asked if the Court could give him a week continuance of the hearing so that he could obtain an attorney, and this request was also denied by Judge Deanna O'Donnell.

48.     Judge Deanna O'Donnell told GLENDENNING that he did not need an attorney for the hearing.

49.     The Court held the hearing anyway, and found "that said officer had probable cause to believe that the animal(s) were the subject of a violation of ORC 959.131."

50.     Pursuant to the October 11, 2018 Entry, if the $58,950.00 bond is not paid by the October 19, 2018, CLEVELAND APL has the authority to dispose of his cats.

51.     After the hearing, while GLENDENNING was still at the Court House, DELL'ANNO told GLENDENNING that he could get some of his cats back if he signed an ownership transfer form.

52.     DELL'ANNO gave the form to GLENDENNING already completed, except for the signature.

53.     GLENDENNING did not sign the form, as he wanted to think about it for a while.

54.     The same day, October 11, 2018, GLENDENNING went to CLEVELAND APL to sign the form that was shown to GLENDENNING at the Court Hearing, and signed the Transfer of Animal Ownership Form, which GLENDENNING understood was to give him back 9 specific cats.

55.     After GLENDENNING signed the form, DELL'ANNO told GLENDENNING that he could not have the nine cats back until GLENDENNING paid the bond payment as ordered by the Court.

56.     The Transfer of Animal Ownership form GLENDENNING looked at, when GLENDENNING was at the Court House, did not have the language that the cats were being "held for Mr. Glendenning pending bond payment."

57.     GLENDENNING was not given a copy of that unsigned completed form.

58.     However, the form GLENDENNING signed at the CLEVELAND APL had added handwritten language added to the form, stating "held for Mr. Glendenning pending bond payment."

59.     That language was not on the form when GLENDENNING saw it at the Court House.

60.     On October 11, 2018 sometime after the Hearing, GLENDENNING picked up his mail from his mailbox, and in the mail was a notice from the Parma Municipal Court.

61.     The notice stated,

> The HEARING on the above case has been set for the following date:
>
> October 11, 2018 at 01:30 PM before JUDGE DEANNA O'DONNELL in court room #1.
>
> Mailed this 10/08/2018.

62.     No information was given as to what type of hearing was to be held.

63.     The notice contained the case number of the "case," as 18MIS013.

64.     The Notice stated that Defendant J. Jeffrey HOLLAND was "Counsel", and that DICHIRO was "Prosecutor."

65.     DICHIRO, however, was not in attendance at the hearing.

66.     With only 24-hour notice, GLENDENNING went to the Parma Municipal Court on October 11, 2018 for an R.C. 959.132 hearing.

67.    During the hearing, GLENDENNING asked the Court to appoint him an attorney, because he could not afford one.

68.    This request was denied by Judge Deanna O'Donnell, in that no attorney was appointed to represent GLENDENNING.

69.    The following occurred during the probable cause hearing,

> MR. GLENDENNING:  I have the right to request, I will request a public defender, because I cannot afford –
>
> THE COURT:  And I don't know if a public defender –
>
> MR. HOLLAND:  Your Honor at this point no charges have been filed, this is not a criminal case.

70.    No further discussion was had on GLENDENNING's request for an attorney.

71.    GLENDENNING was not informed prior to the hearing, nor at the commencement of the hearing, that any statements he made could be used against him.

72.    When GLENDENNING was informed by HOLLAND and the state court, that he could incriminate himself if he spoke, he decided not to testify based upon fear of incrimination,

73.    The trial Court, immediately thereafter, made a determination of probable cause, without GLENDENNING testifying.

74.    CLEVELAND APL demanded $15.00 per day per cat, times $30 days, which would be $450 a month per cat., and the Court granted this bond amount.

75.    On October 12, 2018 the Court entered Judgment finding probable cause to believe the animals were subject to a violation of R.C. 959.131, and ordered GLENDENNING to pay $58,950 within 7 days.

76.    In the state R.C. 959.132 case, the court ordered GLENDENNING to pay $58,950 to the CLEVELAND APL no later than October 19, 2018.

77.     GLENDENNING was unable to pay this amount by the deadline.

78.     On October 29, 2018 CLEVELAND APL filed a "Notice of Forfeiture and Disposition," stating "Defendant has failed to post any deposit to maintain ownership interest in the cats seized from the Defendant's premises. * * * Having failed to make any deposit, the impounding agency, the Cleveland Animal Protective League, shall make final disposition of the animals, pursuant to this Court's order and operation of statute.  (O.R.C. §959.132 (E)(3))."

79.     During a hearing in this Federal case – the above captioned case, HOLLAND, initially asserted the R.C. 959.132 probable cause case is "apart" from any criminal case for animal cruelty.

80.     On October 30, 2018 almost a month after the cats were seized, and nineteen days after the R.C. 959.132 probable cause hearing, CITY OF SEVEN HILLS, DELL'ANNO, DICHIRO, and CLEVELAND APL, criminally charged Glendenning with 25 counts of animal cruelty in the Parma Municipal Court in the case captioned *State of Ohio v. Dennis Glendenning*, Case No. 18CRB04963.

81.     Both HOLLAND and CLEVELAND APL'S position changed drastically, once criminal charges had been filed against GLENDENNING.

82.     In various filings with in this case, CLEVELAND APL and HOLLAND have argued that the R.C. 959.132 Probable Cause case is part-and-parcel of the R.C. 959.131 criminal case,

   a.   "The actual sworn testimony provided at the hearing supports the conclusion that, rather than being wholly separate processes, the impounding of animals and filing of animal cruelty charges are instead very much related."[1]

   b.   "Evidence obtained pursuant to this statute has been used to support the filing of the criminal complaint filed against the plaintiff currently pending in Parma Municipal Court."[2]

---

[1] Doc #24.
[2] Id.

10

c.    The R.C. 959.132 Probable Cause case is "quasi-criminal."[3]

d.    "* * * [T]he filing of animal cruelty charges is in concert with the seizure of Plaintiff's cats."[4]

e.    "Plaintiff clearly has the opportunity to raise all constitutional and other claims at issue in this case in the ongoing criminal case and a related appeal of the Order finding probable cause existed to seize the cats living in his home."[5]

f.    "The seizure, later held to have been done with probable cause, was also used to support the filing of criminal charges against the plaintiff pursuant to R.C. 959.131. This demonstrates how the two statutes work together." [6]

g.    "The interrelated nature of the probable cause hearing and the potential filing of criminal charges were also made clear on the record. At the onset of the hearing, Judge O'Donnell stated as follows: "Okay. So this is really whether or not the cats could be held pending any future action by the APL." (Tr. 5: 10-11, ECF Doc# 19-1.) And later on, Mr. Holland felt compelled to warn the plaintiff of his right not to testify during the probable cause hearing because anything he said could be used against him in a subsequent animal cruelty prosecution. (Tr. 47: 2-4, ECF Doc# 19-1.) As the plaintiff's criminal case makes clear, the seizure of animals pursuant to R.C. 959.132 is fully related to the subsequent filing of animal cruelty charges pursuant to R.C. 959.131."[7]

h.    The R.C. 959.132 "serve[s] as one of the grounds to obtain evidence that is being used to prosecute him"[8]

i.    "[T]he probable cause hearing is so closely related to criminal statutes."[9]

## CAUSES OF ACTION

## COUNT I
## Injunctive Relief

---

[3] Doc #13.
[4] Doc #24.
[5] Doc #24.
[6] Doc #24.
[7] Doc #24.
[8] Doc #17.
[9] Doc #17

83.    GLENDENNING hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

84.    Defendants have violated GLENDENNING's First, Fourth, Sixth, and Fourteenth Amendment rights.

85.    If not enjoined by this Court, Defendants and their agents, representatives, and employees will continue to unreasonably seize cats as a result of policies and practice, that deny GLENDENNING his constitutional rights.

86.    GLENDENNING asks this Court to enter preliminary and permanent injunctions against Defendants, as well as their officers, agent, employees, attorneys, and all other persons acting in concert or participation with them, to, 1) require Defendants to return all of the cats seized to him; 2) return all property stolen, 3) Pay him for the value of his property destroyed – more than $30,000.00; 4) bar enforcement of R.C. 959.132; 3) determine that R.C. 959.132 is unconstitutional; 5) find that Defendants violated GLENDENNING's First, Fourth, Sixth, and Fourteenth Amendment rights.

87.    Immediate irreparable injury includes, but is not limited to, loss of property, companionship, support, freedom, financial loss, and emotional injury.

88.    GLENDENNING has no plain, speedy, and adequate remedy at law for such an injury.

89.    Accordingly, injunctive relief pursuant to 42 U.S.C. § 1983 and other authority is appropriate.

90.    GLENDENNING suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

91.    GLENDENNING is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

## COUNT II
### Declaratory Relief

92.    GLENDENNING hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

93.    An actual and immediate controversy exists between GLENDENNING and Defendants as to their respective legal rights and duties.

94.    GLENDENNING seeks a declaration that Defendants have no independent right to seize under R.C. 959.132, and that the right to seize is a function of, and arises out of, criminal enforcement.

95.    GLENDENNING seeks a declaration that Defendants have violated his rights under the First, Fourth, Sixth, and Fourteenth  Amendments to the United States Constitution.

96.    GLENDENNING is entitled to a declaration of rights with respect to this controversy.

97.    Without such a declaration, GLENDENNING will be uncertain of his rights and responsibilities under the law.

98.    Accordingly, declaratory relief pursuant to 28 U.S.C. § 2201 is appropriate.

99.    GLENDENNING is requesting this Court declare that GLENDENNING is the owner of cats, and that the Defendants violated his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

100.    GLENDENNING suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

101.    GLENDENNING is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

## COUNT III
### 42 U.S.C. § 1983

## Fourth Amendment Violations
## Unreasonable Seizure of Property

102.    GLENDENNING hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

103.    Defendants, acting under the color of state law, and individually, and in their official capacities, have, and will continue to seize in violation of GLENDENNING's Fourth Amendment right to be free from unreasonable seizures of his property.

104.    GLENDENNING has, and had, a property interest in his cats, and in his other property, which was destroyed and stolen by DEFENDANTS.

105.    R.C. 959.132 gives no authority to Defendants to seize his cats, without commencing a criminal action, either concurrently with the seizure, or soon thereafter.

106.    The authority of Defendants to seize GLENDENNING'S property arises out of Defendants rights to enforce a criminal statute, R.C. 959.131.

107.    R.C. 959.132(B) authorizes an officer to, "seize and cause to be impounded at an impounding agency a companion animal that the officer has probable cause to believe is the subject of an offense."

108.    R.C. 959.132 defines "offense" as "a violation of section 959.131 of the Revised Code or an attempt, in violation of section 2923.02[10] of the Revised Code, to violate section 959.131 of the Revised Code.

109.    R.C. 959.131 is titled "Prohibitions concerning companion animals."

110.    959.132 sets forth the statutory procedure for the seizure and impoundment of companion animals while a defendant's criminal case is pending.

---

[10] This R,C. section is titled "Attempt to commit an offense."  See R.C. 2923.02.

111.    Furthermore, the Search Warrant states, that violated GLENDENNING's First, Fourth, Sixth, and Fourteenth Amendment rights property contains "evidence of a criminal offense" and is a "crime scene in violation of Cruelty Against Companion Animals, ORC 959.131, City of Seven Hills Code Chapter 505, Cruelty to Animals, ORC 959.13 * * * ."

112.    Defendants' seizure of GLENDENNING's cats is an unreasonable seizure, because the mandated R.C. 959.132 Hearing was not held in conformance with the due process requirements of notice and opportunity to be heard.

113.    GLENDENNING had no notice of the hearing, in that he received no written notice in advance of the hearing.

114.    GLENDENNING had no notice that the hearing was a probable cause hearing.

115.    GLENDENNING was not permitted to obtain counsel to represent him.

116.    GLENDENNING was not permitted to present evidence of his ability to pay.

117.    GLENDENNING was not given an opportunity to present witnesses.

118.    GLENDENNING was not given any information on whether he could conduct discovery, learn the evidence against him in any other way, what procedural rules apply (civil or criminal), what standard of proof is required, and who carries the burden of proof.

119.    GLENDENNING was not permitted to obtain counsel.

120.    GLENDENNING was not permitted to obtain a court appointed attorney.

121.    Pursuant to the October 11, 2018 Judgment Entry, if the $58,950.00 bond is not paid by the October 19, 2018, CLEVELAND APL has the authority to dispose of his cats.

122.    The failure to provide due process under the Constitution, creates an unreasonable seizure.

123.    Defendants unreasonably seized GLENDENNINGS property on October 2, 2018 when his property was destroyed and stolen by these Defendants.

124.    Defendants knew, or should have known, that their above-described conduct violated GLENDENNING's property rights which are secured by the Fourth Amendment of the U.S. Constitution, in violation of 42 U.S.C. § 1983.

125.    GLENDENNING has been damaged and harmed as a result of Defendants violating his Fourth Amendment right to be free from unreasonable seizures under the United States Constitution.

126.    GLENDENNING suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial. GLENDENNING is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

127.    Defendants' unlawful actions were done with the specific intent to deprive GLENDENNING of his constitutional rights to be secure in his persons and property.

128.    GLENDENNING is informed and believes that the acts of the Defendants, their employees, and agents were intentional in failing to protect and preserve GLENDENNING's person and property and that, at minimum, Defendants were deliberately indifferent to the likely consequence of their actions.

129.    All Defendants have acted under pretense and color of state law and in their official capacities and within the scope of their employment.  Said acts by said Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive GLENDENNING

16

of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment to the United States Constitution.

130.    Defendants have conspired among themselves to do so (taking numerous overt steps in furtherance thereof), and failed to prevent one another from doing so.

131.    Defendants' actions were deliberate, reckless and indifferent to GLENDENNING's constitutional rights.

132.    GLENDENNING has been damaged and harmed as a result of Defendants violating his Fourth Amendment right to be free from unreasonable seizures under the United States Constitution.

133.    GLENDENNING has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

134.    GLENDENNING suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

135.    GLENDENNING is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

**COUNT IV**
**42 U.S.C. § 1983**
**Fourteenth Amendment Violations**
**Facially Overbroad**

136.    GLENDENNING hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

137.     Defendants, acting under color of state law, are depriving Plaintiffs of their rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. 1983.

138.     On its face, R.C. 959.132 is facially unconstitutional, in violation of the Fourteenth Amendment to the United State Constitution.

139.     The statute fails to inform as to how much notice a person is given prior to a hearing.

140.     The statute provides no information as to who carries the burden of proof at the hearing.

141.     The statute fails to give notice of what the burden of proof is.

142.     The statute fails to give notice of what the standard of proof is.

143.     The statute fails to give any information whatsoever as to how much advance notice a person must get before a probable cause hearing.

144.     The statute fails to give notice that anything said by the Defendant may be used against him or her.

145.     The statute fails to give notice that the Defendant has a right to an attorney.

146.     The statute fails to give notice that the Defendant, if he or she qualifies, has a right to a court appointed attorney.

147.     Under R.C. 959.132, if a person cannot or chooses not to pay the bond, he loses his animals permanently.

148.     GLENDENNING was unable to pay, the court ordered bond of almost sixty thousand dollar care bond within the ten day deadline.

149.     Consequently, GLENDENNING lost his ownership of his animals.

150.     There is no further proceeding, which could result in GLENDENNING regaining his animals.

151.    Pursuant to R.C. 959.132 if an owner had paid the care bond, he would not have regained possession of his cats.

152.    If the owner is found not guilty in the R.C. 959.131 criminal prosecution, and he paid the cash bond, R.C. 959.132(G) then requires the cash bond be returned to the owner.

153.    However, R.C. 959.132 only requires the court to order the return of the animals to the owner if it is "possible."

154.    The result is that a person whose dog has been confiscated, and against whom there is probable cause that he violated one of the humane treatment requirements, will lose his dog permanently unless he posts bond, even if he is ultimately found innocent of the underlying charge.

155.    This possibility presents a legitimate due process claim.

156.    An actual controversy exists between the parties, and GLENDENNING is suffering an ongoing and irreparable harm by Defendants' acts, and the harm will continue unless R.C. 959.132 is declared unlawful and enjoined by this Court.

157.    GLENDENNING have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

158.    GLENDENNING suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

159.    GLENDENNING is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

## COUNT V
## 42 U.S.C. § 1983
## Fourteenth Amendment
## Due Process
## Unconstitutional as Applied

160.    GLENDENNING incorporates and realleges each and every allegation contained in the

preceding paragraphs of this Complaint.

161.    Defendants, acting under color of state law, are depriving GLENDENNING of his rights

secured by the Due Process Clause of the Fourteenth Amendment to the United States

Constitution in violation of 42 U.S.C. 1983.

162.    R.C. 959.132 grants Defendants unlimited and unguided discretion to decide when to

send the notice of the hearing, the amount of information to divulge to the person prior to and

during the hearing as to who carries the burden of proof, how to obtain discovery, whether

criminal or civil rules apply, what the standard of proof is, whether to permit, or not permit the

person to have counsel, and whether to notify them, in advance that they have a right or don't

have a right to counsel, etc.

163.    The Defendants, acting under color of state law, grant the Defendants, unbridled

discretion.

164.    By exercising unlimited, unguided discretion over application and enforcement of said

statute, Defendants, acting under color of state law, violate Plaintiffs' right to due process of law

as guaranteed by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §

1983.

165.    Defendants procedures, policies, practices, methods, and standards, leave the government

actors free to decide, without any legally fixed standards, what notice a person is given vis-à-vis

the probable cause hearing.  This is arbitrary enforcement.

166.    R.C. 959.132 enables the Defendants to decide for how much notice a person should receive in advance of the probable cause hearing, what type of notice they will receive, how to give the notice to the person.  It also enables Defendants to avoid providing any information as to what the standard of proof is, who carries the burden of proof, how to obtain discovery, whether criminal or civil rules apply, whether a person must attend the hearing, the repercussions of not attending the hearing, advanced notice that a monumental bond will be decided by the Court, whether a person has a right to bring witnesses, etc.

167.    The Defendants have written the law on the street.

168.    This discretion is unconstitutionally impermissible.

169.    Defendants are not authorized, under the Constitution, to makeup up the law, and apply it in whatever manner they sit fit.

170.    The manner in which Defendants apply R.C. 959.132, "does not provide for government by clearly defined laws, but rather for government by the moment-to-moment opinions of a [the defendants]."[11]

171.    Defendants' policies, procedures, guidelines, standards and methods enable its employees and agents to seize animals in a manner, which creates "law by cop."

172.    GLENDENNING has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

173.    GLENDENNING suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

---

[11] *Cox v. Louisiana*, 379 U.S. 536, 579 (1965).

174.     GLENDENNING is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

**COUNT VI**
**2 U.S.C. § 1983**
**Fourteenth Amendment**
**Deprivation Of Property**

175.     GLENDENNING incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

176.     Defendants, acting under color of state law, are depriving Plaintiff of his property rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. 1983.

177.     Defendants, by their conduct, as described herein, and acting under color of state law, have deprived Plaintiff of his right to his own property, which he has a legitimate claim of entitlement to.

178.     The acts of the Defendants impermissibly violated GLENDENNING's substantive and procedural due process rights by applying R.C. 959.132 contrary to its written terms.

179.     Defendants' unlawful actions were done with the specific intent to deprive GLENDENNING of his constitutional rights to be secure in their persons and property.

180.     GLENDENNING is informed and believes that the acts of the Defendant and their employees and agents were intentional in failing to protect and preserve GLENDENNING's property and that, at minimum, Defendants were deliberately indifferent to the likely consequence that a persons' animals would be disposed of as a result of Defendants' actions.

181.     GLENDENNING is informed and believes that the acts of the Defendant and their employees and agents were intentional in failing to protect and preserve GLENDENNING's

property and that, at minimum, Defendants were deliberately indifferent to the likely consequence that a person would lose ownership of their animal due to Defendants' failure to comport with the Constitutional protections.

182.    R.C. 959.132, as applied, violates the due process rights of GLENDENNING in violation of the Fourteenth Amendment to the United States Constitution and unconstitutionally deprived him of his property.

183.    There is no mechanism, which exists for GLENDENNING to prevent unconstitutional application and enforcement of said law.

184.    Defendants actions to enforce R.C. 959.132, arbitrarily deprives GLENDENNING of his property because the application of the terms are unreasonable, arbitrary, and capricious, without a real or substantial relation to the object sought to be attained, and violate basic concepts of fairness.

185.    Defendants' violated GLENDENNING's rights to due process because the mandated R.C. 959.132 Hearing was not held in conformance with the due process requirements of notice and opportunity to be heard.

186.    GLENDENNING had no notice of the hearing, in that he received no written notice in advance of the hearing.

187.    GLENDENNING had no notice that the hearing was a probable cause hearing.

188.    GLENDENNING was not permitted to obtain counsel to represent him.

189.    GLENDENNING was not permitted to present evidence of his ability to pay.

190.    GLENDENNING was not given an opportunity to present witnesses.

191.    Pursuant to the October 11, 2018 Judgment Entry, if the $58,950.00 bond is not paid by the October 19, 2018, CLEVELAND APL has the authority to dispose of his cats.

192.    Defendants, acting under the color of state law, and individually, and in their official capacities, have, and will withhold from GLENDENNING, his property, in violation of his Fourteenth Amendment rights to due process.

193.    Defendants, acting under color of state law, are depriving GLENDENNING of his rights under the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. 1983.

194.    Defendants, by their conduct, as described herein, and acting under color of state law, have deprived GLENDENNING of his right to his own property, which he has a legitimate claim of entitlement to.

195.    All Defendants have acted under pretense and color of state law and in their official capacities and within the scope of their employment.

196.    Said acts by said Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive GLENDENNING of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourteenth Amendment to the United States Constitution.

197.    Defendants have conspired among themselves to do so (taking numerous overt steps in furtherance thereof), and failed to prevent one another from doing so.

198.    Defendants' actions were deliberate, reckless and indifferent to GLENDENNING's constitutional rights.

199.    Defendants knew, or should have known, that the above-described conduct violated GLENDENNING's due process rights which are secured by the Fourteenth Amendment of the U.S. Constitution, in violation of 42 U.S.C. § 1983.

200. Defendants, by their conduct, as described herein, and acting under color of state law, have deprived GLENDENNING of his right to his liberty and property and unreasonably seized his property.

201. Defendants' unlawful actions were done with the specific intent to deprive GLENDENNING of his constitutional rights to be secure in his property.

202. Defendants' actions or lack of action, has resulted in a meaningful interference and deprivation of GLENDENNING's property, without any process and is violative of the procedural due process requirements of the Fourteenth Amendment to the U.S. Constitution.

203. Plaintiff has been denied due process by the continued retention of his property, without being afforded an opportunity to be heard at a meaningful time and in a meaningful manner at which to contest the validity of the seizure, impoundment, retention and destruction of his property.

204. Defendants have not provided GLENDENNING with timely notice and an opportunity for a hearing or any other review of the decision to deprive of him of his property.

205. GLENDENNING's deprivation of his property, his property, without process, has occurred and continues to occur, thus violating GLENDENNING's rights under the Fourteenth Amendment.

206. GLENDENNING has no adequate remedy at law and will suffer serious and irreparable harm unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

207. GLENDENNING suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

208.    GLENDENNING is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

## COUNT VII
## 42 U.S.C. § 1983
## Sixth Amendment
## (Right to Counsel)

209.    GLENDENNING incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

210.    In a proceeding where a person also faces criminal charges for the same conduct, there is a right to counsel.

211.    CLEVELAND APL, CITY OF SEVEN HILLS, DICHIRO, and HOLLAND's warning to GLENDENNING that he could incriminate himself if he testified, evidences the requirement of the Sixth Amendment right to counsel.

212.    GLENDENNING had a right to counsel at the R.C. 959.132 Probable Cause Hearing, as he faced criminal charges for the same conduct set forth in the Probable Cause Hearing.

213.    CLEVLAND APL, CITY OF SEVEN HILLS, DICHIRO, HOLLAND, and the State court, violated GLENDENNING's Sixth Amendment right to counsel.

214.    GLENDENNING has no adequate remedy at law and will suffer serious and irreparable harm unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

215.    GLENDENNING suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of CLEVELAND APL, CITY OF SEVEN HILLS, DICHIRO and HOLLAND, as will more fully appear at trial.

216.    GLENDENNING has no adequate remedy at law and will suffer serious and irreparable harm unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

217.    GLENDENNING is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

**COUNT VIII**
**42 U.S.C. § 1983**
**First Amendment**
**(Right of Access to the Court)**

218.    GLENDENNING incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

219.    The right to retain and consult with an attorney implicates clearly established First Amendment rights of association and free speech.

220.    GLENDENNING had an undeniable right to retain counsel in the R.C. 959.132 state court case.

221.    Defendants denied GLENDENNING his right to counsel.

222.    Defendants violated GLENDENNING's right of access to the Court.

223.    GLENDENNING has no adequate remedy at law and will suffer serious and irreparable harm unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

224.    GLENDENNING suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

225.    GLENDENNING is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

**COUNT IX**
**42 U.S.C. § 1983**
**Fourteenth Amendment**
**Due Process**
**(Denial of Right to Obtain Counsel)**

226.    GLENDENNING incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

227.    Defendants violated GLENDENNING's Fourteenth Amendment due process rights by failing to give more than one-day notice of the R.C. 959.132 hearing.

228.    This legally insufficient notice prevented GLENDENNING from obtaining counsel to defend him at the R.C. 959.132 hearing.

229.    GLENDENNING did not have notice or a meaningful opportunity to be heard because he did not have an attorney to assist him in defending himself, and he did not have notice that he needed an attorney, as his words could be used against him.

230.    GLENDENNING has no adequate remedy at law and will suffer serious and irreparable harm unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

231.    GLENDENNING suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

232.    GLENDENNING is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

**COUNT X**
**42 U.S.C. § 1983**
**Fourteenth Amendment**
**Due Process**
**(Bond)**

233.    GLENDENNING incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

234.    Under R.C. 959.132, if a person cannot or chooses not to pay the bond, he loses his animals permanently.

235.    GLENDENNING was unable to pay, the court ordered bond of almost sixty thousand dollar care bond within the ten day deadline.

236.    Consequently, GLENDENNING lost his ownership of his animals.

237.    There is no further proceeding, which could result in GLENDENNING regaining his animals.

238.    Pursuant to R.C. 959.132 if an owner had paid the care bond, GLENDENNING would not have regained possession of his cats.

239.    If the owner is found not guilty in the R.C. 959.131 criminal prosecution, and he paid the cash bond, R.C. 959.132(G) then requires the cash bond be returned to the owner.

240.    However, R.C. 959.132 only requires the court to order the return of the animals to the owner if it is "possible."

241.    The result is that a person whose dog has been confiscated, and against whom there is probable cause that he violated one of the humane treatment requirements, will lose his dog permanently unless he posts bond, even if he is ultimately found innocent of the underlying charge.

242.    This possibility presents a legitimate due process claim.

243.    GLENDENNING has no adequate remedy at law and will suffer serious and irreparable

harm unless Defendants are enjoined from continuing their unlawful policies, practices, customs,

procedures, standards and/or methods, which have directly and proximately caused such

constitutional abuses.

244.    GLENDENNING suffered, and continues to suffer, injuries and damages as a direct and

proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

245.    Plaintiff is entitled to his costs, including his reasonable attorneys' fees, pursuant 42

U.S.C. 1988.


**COUNT XI**
**42 U.S.C. § 1983**
**First Amendment**
**(Petition Clause)**

246.    GLENDENNING incorporates and realleges each and every allegation contained in the

preceding paragraphs of this Complaint.

247.    Under the First Amendment, GLENDENNING has a right to petition the government for

redress of injuries imposed by the government.

248.    CITY OF SEVEN HILLS, DICHIRO, AND KAPPUS, refused to allow

GLENDENNING to lodge a formal complaint with SEVEN HILLS, pertaining to

GLENDENNING's property having been destroyed and stolen by CLEVELAND APL,

DELL'ANNO, CITY OF SEVEN HILLS, AND KAPPUS.

249.    CLEVELAND APL, HOLLAND AND DELL'ANNO refused to permit

GLENDENNING to lodge a formal complaint with CLEVELAND APL in regards to

CLEVELAND APL, DELL'ANNO, CITY OF SEVEN HILLS, AND KAPPUS destroying and

stealing his property.

250.     Without a police report, or a formal report made to the CLEVELAND APL, GLENDENNING is unable to file an insurance claim for his stolen and destroyed property.

251.     GLENDENNING has no adequate remedy at law and will suffer serious and irreparable harm unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

252.     GLENDENNING suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

253.     Plaintiff is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

## COUNT XII
### Violation of Article I, Section 16 of the Ohio Constitution

254.     GLENDENNING incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

255.     The acts of the Defendants, in seizing and impounding his dog Zeus, has deprived him Plaintiff of his property in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

256.     GLENDENNING has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

257.     GLENDENNING suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

258.    GLENDENNING is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

## COUNT XIII
## Monell Claim

259.    GLENDENNING incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

260.    At all relevant times herein, CITY OF SEVEN HILLS and CLEVELAND APL, acting through the individual defendants, developed, implement, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to GLENDENNING's constitutional rights, which caused violation of such rights.

261.    Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive the Plaintiff of his constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and the Ohio Constitution.

262.    CITY OF SEVEN HILLS and CLEVELAND APL maintain a policy and/or custom of deliberate indifference to the rights of the citizens of the United States, and such policy and/or custom is part of a pattern of unconstitutional violations by Defendants.

263.    CITY OF SEVEN HILLS and CLEVELAND APL, their employees, agents, supervisors, and policymakers, knew, or should have known, that the Defendants would confront situations such as the events which form the basis of the actions herein stated.

264.    The failure of CITY OF SEVEN HILLS and CLEVELAND APL to provide their employees and agents, including the individual Defendants, with proper and adequate training failed to furnish these individuals with appropriate knowledge to make proper and informed decisions which resulted in the deprivation of Plaintiff's constitutional rights.

265.    CITY OF SEVEN HILLS and CLEVELAND APL pursued an official policy and/or custom of failing to provide adequate training, monitoring, and supervision of their animal control officers, employees, and agents, in the performance of their duties and the protection of the constitutional rights of the citizens.

266.    CITY OF SEVEN HILLS and CLEVELAND APL failed to provide adequate training, monitoring, and supervision of its employees and agents, in the performance of their duties and to ensure the constitutional protections of citizens who come in contact with them.

267.    CITY OF SEVEN HILLS and CLEVELAND APL's failure to provide adequate training, monitoring, and supervision of its police officers and animal control officers resulted in a deprivation of clearly established constitutional protections for citizens.

268.    CITY OF SEVEN HILLS and CLEVELAND APL, knew, or should have known, that the animal control officers and agents, and employees, named herein were acting in such a way as to violate the constitutional rights of citizens they encounter while performing their duties, and were aware of such constitutional violations, or should have been aware of such constitutional violations, had other similar incidents been properly investigated.

269.    CITY OF SEVEN HILLS and CLEVELAND APL maintain a municipal policy and/or custom of deliberate indifference to the rights of the citizens with whom animal control officers, and its employees and agents, come into contact with and this policy and/or custom is part of a pattern of constitutional violations by failing to properly investigate allegations of police and animal control officer's misconduct and not properly disciplining police officers and animal control officers who commit acts of misconduct.

270.    CITY OF SEVEN HILLS and CLEVELAND APL pursued an official policy and/or custom of a falling to investigate and discipline their animal control officers, employees and

agents, in the performance of their duties and their actions violated the constitutional rights of the citizens.

271. CITY OF SEVEN HILLS and CLEVELAND APL, failed to provide adequate training, monitoring, and/or supervision of the animal control officers, employees, and agents in the performance of their duties and ensure the constitutional protections of citizens.

272. CITY OF SEVEN HILLS and CLEVELAND APL failed to provide adequate training, monitoring, and supervision of its employees and agents, including the individual Defendants, resulted in deprivation of clearly established constitutional protects for citizens who would come in contact with animal control officers, and its employees and agents.

273. CITY OF SEVEN HILLS and CLEVELAND APL, their employees and agents, have a legal duty and had ample opportunity to intervene and prevent the illegal seizure, and return the cats to their owner.

274. CITY OF SEVEN HILLS and CLEVELAND APL's employees and agents, have a legal duty and had ample opportunity to intervene and prevent the unreasonable seizures.

275. The failure of said Defendants to intervene was part of the pattern, practice, and custom on behalf of the CITY OF SEVEN HILLS and CLEVELAND APL to not intervene or report such incidents, but remain quiet to maintain silence and tacit acknowledgment and approval of such actions.

276. The failure of CITY OF SEVEN HILLS and CLEVELAND APL and its employees and agents, to intervene or report such illegal, unlawful and improper activities subjects these Defendants to liability for the harm suffered by GLENDENNING due to the conduct of individual Defendants..

277.    The constitutional violations committed by CITY OF SEVEN HILLS and CLEVELAND APL through its actions of the individual Defendants set forth in the caption of this Complaint, were and are directly and proximately caused by policies, practices, and/or customs developed, implemented, enforced, encourages and sanctioned by CITY OF SEVEN HILLS and CLEVELAND APL, including the failure: (a) to adequately supervise and train its officers and agents, including the individual Defendants, thereby failing to adequately discourage further constitutional violations on the part of its agents and animal control officers; (b) to properly and adequately monitor and discipline its animal control officers and employees and agents, including Defendants, and (c) to adequately and properly investigate citizen complaints of animal control officers, and instead, acts of misconduct were tolerated by CITY OF SEVEN HILLS and CLEVELAND APL.

278.    Upon information and belief, CITY OF SEVEN HILLS and CLEVELAND APL, acting through its animal control officer and employees and agents, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or prosecution without reasonable supplication or probable cause, individuals who have a property interest in their animals and a right to life, liberty and the pursuit of happiness.

279.    Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive GLENDENNING of his constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

280.    Defendants have acted with deliberate indifference to the constitutional rights of GLENDENNING.

281.    As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff's constitutional rights have been violated which has caused him to suffer physical,

mental, and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

282.    GLENDENNING has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined form continuing their unlawful policies, practices, and/or customs, which have directly and proximately caused such constitutional abuses.

283.    GLENDENNING suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

284.    GLENDENNING is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. § 1988.

### COUNT XIV
### Attorney Fees - 42 U.S.C. § 1988

285.    GLENDENNING incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

286.    Pursuant to 42 U.S.C. § 1988, GLENDENNING seeks attorney fees.


### PRAYER FOR RELIEF

**WHEREFORE**, GLENDENNING, requests for following relief:

A)  GLENDENNING asks this Court to enter preliminary and permanent injunctions against Defendants, as well as their officers, agent, employees, attorneys, and all other persons acting in concert or participation with them 1) requiring Defendants to return all of the cats seized to him; 2) return all property stolen, 3) Pay him for the value of his property destroyed – more than $30,000.00; 4) bar enforcement of R.C.

959.132; 3) determine that R.C. 959.132 is unconstitutional; 5) find that Defendants violated GLENDENNING's First, Fourth, Sixth, and Fourteenth Amendment rights.

B)  GLENDENNING also seeks a declaration that Defendants have no independent right to seize under R.C. 959.132, and that the right to seize is a function of, and arises out of, criminal enforcement.

C)  GLENDENNING also seeks a declaration that Defendants violated his First, Fourth, Sixth, and Fourteenth Amendment rights

D)  Damages in an amount to be determined by a Jury at Trial.

E)  Attorney's fees and costs pursuant to 42 U.S.C. § 1988.

F)  Such other relief as may be equitable and just.

Respectfully submitted,

 /s/ Michela Huth
MICHELA HUTH
(OH Reg. No. 0091353)
PO Box 17
Bolivar, OH 44612
Phone:  330-440-4027
Email:  michelahuth.esq@gmail.com
*Attorney for Plaintiff*

/s/ Richard Rosenthal
RICHARD BRUCE ROSENTHAL
(NY Reg. No. 1637677)
120-82 Queens Blvd.
Kew Gardens, NY 11415
Phone: 718-261-0200
Fax: 718-793-2791
Email: richard@thedoglawyer.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues raised in this Complaint as set forth in this pleading.

 /s/ Michela Huth
MICHELA HUTH